## HUGHES v. FEETER *et al.* *

1. Appeal: WHEN NOT ALLOWED. A party is not entitled to prosecute
   an appeal from a judgment which he moved for and obtained, and
   to which he took no exception when rendered.

2. Redemption: EXTENSION OF TIME. The statutory right of redemp-
   tion from execution sales, cannot, as a general rule, be extended
   beyond the period prescribed, by any act of the party claiming the
   right; such as a suit to redeem, or the like.  But under the peculiar
   circumstances of the present case, a party was thus allowed.

*Appeal from Scott District Court.*

THURSDAY, JANUARY 23.

SUIT in equity, to redeem from a sale under a trust-deed,
and also from a decree of mortgage foreclosure upon the
same real estate.  The facts are sufficiently stated in
the opinion.

*D. B. Nash* for the appellant.

*Brown & Sully* for the appellee.

COLE, J. — I. The cause, by consent of parties, was
tried before a referee, who heard the evidence and

Hughes v. Feeter.

1. APPEAL: reported it, with the facts found, together with
when not al-
lowed. his conclusions of law thereon, to the court.
The plaintiff took no exceptions before the referee, and in
the District Court moved for the confirmation of his report
and for judgment accordingly thereon. This motion was
sustained and judgment rendered, allowing plaintiff to
redeem upon certain specified terms as reported by the
referee, and no exception was taken by the plaintiff.
Some time after the judgment was rendered, the plaintiff
prosecuted his appeal, seeking to reduce the amount
required to redeem, which appeal was, on motion of
defendant, dismissed for the reason that the plaintiff
having, without exception, sought, moved for and obtained
the judgment, he could not rightfully or with effect prose-
cute an appeal therefrom. An application for a rehearing
of that motion was made, and counsel was permitted to
reargue it. On final hearing, we are of opinion that upon
such a state of case, a party has no right to complain of
the judgment which has been rendered on his own motion,
and that the judgment, as to plaintiff's appeal, must be
affirmed.

II. While this suit was pending, executions were issued
upon certain judgments rendered against the plaintiff in
2. REDEMP- this action, and in favor of several different
TION: exten-
sion of time. parties. Those executions were levied upon
the interest of plaintiff herein, Harvey J. Hughes, in the
real estate in controversy, and the same was sold thereun-
der to one N. W. Davis, Jr., and to S. E. Brown, Esq.,
the latter of whom was the attorney for the defendant
Feeter, in this action. A short time before the expiration
of the time for redemption from these execution sales
expired, the plaintiff amended his petition, making said
Davis and Brown parties, and set forth the execution sales
as supplemental matter, and charged that the purchases
thereunder were made really for the benefit of the defend-

ant Feeter, and for the purpose of defeating the right of plaintiff as against said Feeter, and asked that the rights of the respective parties in said real estate be settled by decree of court, and that he be permitted to redeem.

No redemption was made from the execution sales, and after the expiration of the year allowed by statute to redeem, the sheriff made deeds to said purchasers pursuant to their certificates of purchase. The referee found as a conclusion of law, that the plaintiff having made the purchasers parties, prior to the expiration of the time for redemption, that his right to redeem continued till the final adjudication of the cause.

In so ruling, the referee claimed to follow the holding of this court in *Wickersham* v. *Reeves & Miller* (1 Iowa, 413); but expressly stated in his report, that his own opinion, notwithstanding the authority of that case, was, that the right to redeem expired with the termination of the year from the sale, as provided by statute, regardless of the fact whether the suit was pending or not. The referee found as a fact, that the execution purchases by Davis & Brown, were not made for the benefit of Feeter, but in their own right and for their own benefit. The testimony on this point is conflicting, and there are many facts and circumstances tending against the finding of the referee.

We are clear in the opinion, that the statutory right to redeem property from an execution sale within one year, cannot be extended by any act of the party claiming that right, such as a suit to redeem, or the like, without more. And without affirming any distinct or recognized equity in an execution defendant to redeem after the expiration of the statutory time, we are content to affirm the judgment in this case upon its own peculiar circumstances. Some of them are, that the defendant Feeter, was the holder of the *apparent* absolute title in fee simple. At

the time of the execution sales, Feeter still held that title, as appeared by the records.

Hughes was seeking, by his suit then pending, to establish his right to redeem from that apparent legal title; his right to do so was stoutly controverted; the purchaser Brown, who also acted and made the preliminary examination for Davis, as his agent, was, in fact, the attorney for Feeter, and as such, denying that Hughes had any right whatever in the real estate sold; the fact as stated by the referee, that the property sold for a small proportion only of its value; and the further fact apparent from these, that the right or interest of Hughes, as offered under the executions, was only a right to, or interest in, a protracted and spirited litigation, which would certainly prevent its bringing any thing like its value, if in fact it should result that he had a right to redeem; the fact that the amended and supplemental petition making Brown and Davis parties defendants, was evidently filed in good faith, controverting the legality of the sale and offering to redeem therefrom, if found legal, and asking an injunction against the making of the deeds thereunder. These facts, and others which might be stated, upon which courts of equity sometimes set aside the sales themselves, lead us to the conclusion that the giving of Hughes the right to redeem in this case, was reasonable and equitable, and the judgment should, each party paying the costs of his own appeal, be

Affirmed.