THE STATE, EX REL. WILLIAM SEXAUER, V. TRUMAN BUCK.

City of First Class: ELECTION. In April, 1881, one M. was elected treasurer of the city of Omaha for the term of two years. In December of the same year M. died, whereupon the mayor of said city appointed B. to fill the vacancy. The ap-

pointment was confirmed by the council, B. qualified, and took possession of the office. At the city election in April, 1882, certain voters of said city, without any resolution of the city council or proclamation of the mayor, cast their ballots for S. and D. S. having a majority of all the votes cast. In a proceeding by quo warranto to oust B. from the office of treasurer and install S. therein, *Held*, That as the city election in April, 1882, was not a general election in said city, votes cast to fill a vacancy in the office of treasurer, without a resolution of the city council or proclamation of the mayor, were nugatory.

ORIGINAL information in nature of *quo warranto*.

*James Neville* and *E. F. Smythe* for relator.

*Charles H. Brown* and *C. F. Manderson* for respondent.

BY THE COURT.

This is a proceeding in *quo warranto* to oust the defendant from the office of treasurer of the city of Omaha, and instate the relator therein. The information states the following facts : That on the 5th day of April, 1881, Samuel G. Mallette was elected treasurer of said city for the term of two years, from April 11th, 1881, at which date he qualified and entered upon the duties of his office; that on the thirty-first of December of that year, Mallette died, and on the third of January, 1882, the mayor of Omaha appointed the defendant to fill the vacancy caused by the death of Mallette. The appointment was confirmed by the city council, and the defendant thereupon gave a bond, which was duly approved, took the oath required by law, and entered upon the duties of his office. No election for city officers has been called or held in the city of Omaha since said appointment, except that an election was held on the fourth of April, 1882, for the election of one councilman from each ward of the city. At this election, without any action of the city council or proclamation of the mayor, calling an

election for city treasurer, certain voters of that city cast their ballots for the relator for treasurer, and certain other voters for George W. Doane. The whole number of votes cast for the relator was 1,628 and for Doane 545. The city council canvassed the votes cast for councilmen, but refused to canvass those cast for treasurer upon the ground that there was no vacancy in said office. The relator afterwards tendered a sufficient bond to the council for approval, but it refused to receive the same. Defendant demurs to the information. Do the facts stated in the information entitle the relator to the office in question?

Sec. 11 of the act relating to cities of the first class (Comp. St. 84) provides: "That the general city election in all cities governed by this act shall be held on the first Tuesday in April, 1881, and every two years thereafter, for the election of the following named officers, to-wit: Mayor, police judge, and treasurer. Each of said officers shall be elected by a plurality of votes, for the term of two years, commencing on the first Tuesday succeeding their election, and they shall hold their respective offices until their successors are elected and qualified," etc.

Sec. 13 provides that at the annual election to be held in 1882, one councilman shall be elected from each ward, who shall hold his office for two years. Six councilmen were elected by the city at large in 1881, whose term of office is two years.

It will be seen that the general election in cities of the first class is to be held in the odd numbered years, all the elective officers of the city, except one councilman from each ward, being elected at that time.

Sec. 37 of the act grants the power "to provide for filling such vacancies as may occur in the office of councilman, or other elective offices of the city, by calling special elections for that purpose."

Sec. 12 of chap. 18, of the Comp. Ordinances of Omaha, reads as follows: "Special elections to fill a vacancy in

the office of councilman shall be held within twenty days after such vacancy occurs. Special elections to fill a vacancy in any other elective city office shall be held at such time as the council shall by resolution determine, and the mayor and council may by appointment fill such offices temporarily."

Sec. 103 of the general election law provides that vacancies in city and village offices shall be filled by the mayor and council, or board of trustees.

The authority to fill the vacancy by the appointment of the defendant was thus conferred on the mayor and council of the city of Omaha by the ordinances of the city and by the general law, and this appointment would continue in force until the next general election for city purposes in said city, which will take place in April, 1883, unless the voters of the city, without a resolution of the city council, or proclamation of the mayor, had authority to fill the vacancy at the election held in April, 1882.

The question here presented was before this court in the case of *The People v. Hamilton County*, 3 Neb. 244, and it was held, where the election is one that the authorities may hold or not at their option, and they decide against holding the same, individual citizens must acquiesce, and votes cast on the assumption of the right to cast the same were nugatory. In that case certain votes were cast for the removal of the county seat of Hamilton county, without the proper orders calling the election, or notice of the same. The election in the city of Omaha in April, 1882, not being a general election, there was no authority for the voters of that city to fill the vacancy in question unless the city council by resolution had submitted that matter to the voters. In other words, the city election in April, 1882, was for the sole purpose of electing one councilman from each ward, and this being the only matter required by law, there was no authority for the voters of said city to fill a vacancy in the office of city treasurer without a resolution

of the council or proclamation of the mayor for that purpose. The relator therefore acquired no right to the office of treasurer by virtue of the votes cast for him at said election. The demurrer must therefore be sustained, and the proceedings dismissed.

JUDGMENT ACCORDINGLY.