JACKSONVILLE, NORTHWESTERN AND SOUTHEASTERN RAILROAD CO.

*v.*

THE TOWN OF VIRDEN *et al.*

*Filed at Springfield September 28, 1882.*

1. MUNICIPAL BONDS—*of the election—necessity of making a record of the call of an election.* The validity of bonds issued by a town in aid of a railroad, does not depend upon the keeping of a record showing the authority of the clerk to give notice calling an election on the question of their issue, or to preserve a record of the notice of the election. The rights of bondholders do not depend upon the performance of such a duty by the town clerk, but upon whether there has in fact been a substantial compliance with the requirements of the law authorizing the election to be held.

2. SAME—*by whom an election to be ordered.* An election to determine whether a municipality will subscribe to the capital stock of a railroad company, and issue its bonds in payment of such subscription, can be ordered

only by the persons or functionaries designated by the law. An election called by any other person or body is absolutely void, and so are all acts growing out of or performed under it. Bonds issued in pursuance of such an election are void, and taxes levied for their payment, or for the payment of interest thereon, are illegal, and their collection may be enjoined.

3. SAME—*charter construed as to who shall call election, etc.* Section 18 of the charter of the Jacksonville, Northwestern and Southeastern Railroad Company, provides that the acts for a general railroad system, of November 6, 1849, and to facilitate the construction of railroads, of March 1, 1854, are made applicable to any election to determine whether any town shall subscribe to the stock of the road. The first of these acts so referred to by section 4, provides for the manner of calling and holding elections for or against subscriptions, and applies only to counties and cities requiring the county judge or city council to give at least thirty days' notice of the election, and the conditions of subscription. The other relates to the manner of issuing the bonds. Section 18 of the charter makes these acts applicable to towns at the ends or along the line of the road. When thus made applicable to such towns, on subscribing for such stock, the election is required to be called by the president and trustees thereof. In giving the notice of the election, that body could order its town clerk to prepare and post the notices, and that would be in conformity with the requirement, as he who acts by another, acts by himself; but without such an order the clerk is as powerless to give the notice as any other person. So, an ordinance or order of the corporate authority, requiring or authorizing the clerk to give a notice of an election on the question of a subscription to the stock of the company, and on what terms and conditions, is an indispensable prerequisite to the validity of any subscription, as much so as the election itself.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the plaintiff in error:

The town of Virden has no interest in this suit, and can not maintain a bill to declare its bonds void. *City of Waverly* v. *Auditor*, 100 Ill. 354.

The charter does not require the submission to a vote shall be by ordinance. A resolution was sufficient to call the special election. 2 Dillon on Municipal Corp. 360; *Blanchard* v. *Bissell*, 11 Ohio St. 96; *State* v. *Jersey City*, 3 Dutcher, 493; *Sorrells* v. *Philadelphia*, 35 Pa. St. 257.

Where power is given, but the mode of exercising it is not defined, the election may be called by resolution. 2 Dillon on Municipal Corp. 711; *Terre Haute* v. *Town*, 36 Ind. 531; *Delphi* v. *Evans*, 36 id. 90.

The court erred in holding section 18 of the charter invalid, and in enjoining the Auditor from levying taxes for the payment of the interest on the bonds in question.

Messrs. HENRY, COOK & LORD, for the defendants in error:

The only authority for issuing these bonds is section 18 of the act to incorporate the Jacksonville, Northwestern and Southeastern Railroad Company. That section contains no express grant of the power, but refers to "An act supplemental to an act entitled 'an act to provide for a general system of railroad incorporations,'" approved November 6, 1849, and, also, "An act to facilitate the construction of railroads," approved March 1, 1854, and declares they are made applicable to every town incorporated, situated at either end or near the line of the railway, as it may be located, etc.

The first act referred to confers no authority upon towns, townships and villages to make subscriptions, and before one can be legally made there must be an express grant of power. *Town of East Oakland* v. *Skinner*, 94 U. S. 256; *People* v. *Town of Waynesville*, 88 Ill. 475.

A charter is held to be a contract between the State and the corporation, and no clause of power or of privilege can be inserted by implication. *Charles River Bridge* v. *Warren*, 11 Pet. 420; *Bank* v. *Commonwealth*, 10 id. 422; *Bradley* v. *Railroad Co.* 21 Conn. 294; *Bank of Chilicothe* v. *Swayne*, 8 Ohio, 287; *Trustees of Jacksonville* v. *McConnel*, 12 Ill. 138; *Bissell* v. *Kankakee*, 84 id. 251; *Pittman* v. *Freeburg*, 92 id. 113.

The legislature can not set aside the construction of the law already applied by the court to actual cases; neither can it compel the courts for the future to adopt a particular construction of a law which the legislature permits to remain in

force.   Cooley on Const. Lim. (2d ed.) 94; *Ogden* v. *Black-leage,* 1 Curtiss, 490; *Dash* v. *Van Click,* 7 Johns. 477; *Bissell* v. *Tell. Ass'n,* 29 Pa. St. 137; *Louis* v. *Webb,* 3 Greenlf. 326; *Holden* v. *James,* 11 Mass. 396; *Durham* v. *Lewison,* 4 Greenlf. 140; *Powers* v. *Bergen,* 6 N. Y. 358.

The burden of showing that these bonds were issued in compliance with a vote of the people, had prior to the adoption of the constitution, in pursuance of some law then providing therefor, rests upon those affirming their validity. *Jackson County* v. *Brush,* 77 Ill. 191; *Town of Prairie* v. *Lloyd,* 97 id. 191.

Mr. Justice Walker delivered the opinion of the Court:

This case was before this court on an appeal by complainants,—the defendants in error in this case.   It was then assigned for error that the court below erred in dismissing the bill as to the non-resident holders of the bonds, and the refusal of the court to decree the payment of the taxes in the hands of the State and county treasurers, collected on the assessment for taxation, to the corporate authorities of the town.   On a hearing, the assignment of errors was not sustained.

The decree finds there was never recorded any ordinance of the town authorities, or any record of authority for the clerk to give notice of an election; that the bonds were issued to become due the 1st of January, 1892; and it was found that the 18th section of the charter, under which the election was held, was unconstitutional.   It was decreed they were null and void, and were issued without authority of law, and it enjoins the Auditor from levying a tax with which to pay the bonds, or interest thereon, and enjoins the clerk from extending them on the collector's books, and the collector of the township from collecting such taxes.

The findings of the court are not material, as the bill was taken *pro confesso.*   On such a decree all of the material

allegations of the bill are taken as true, and such a decree as they warrant will be sustained. The only question, then, presented by this record is, whether the bill warranted the relief granted. It is urged by plaintiff in error that it did not, and the decree is therefore erroneous, and should be reversed. It is no doubt true that the bill, in some of its allegations, is inartificially drawn, and the allegations immaterial. The allegation that there is no record that the town authorities empowered the clerk to give notice calling the election, or of the notice, can not invalidate an election legally called and held. The rights of bondholders and creditors do not depend upon the performance of such a duty of the town clerk. That depends upon whether there has in fact been a substantial compliance with the requirements of the law authorizing the election to be held, otherwise it would be in the power of the clerk to invalidate bonds clearly legal and binding, by refusing to make a record that the order was made or notice given.

But does the bill contain allegations that support the decree? We think it does. It is alleged that no ordinance was ever passed requiring or authorizing an election, or the town clerk to give a notice of an election, to determine whether the subscription should be made, and on what terms and conditions. These, under the statute, were indispensable to the validity of the subscription. The 18th section of the charter of the railroad provides, that the acts for a general railroad system, of November 6, 1849, and one to facilitate the construction of railroads, of the 1st of March, 1854, are made applicable to any election to determine whether any town shall subscribe to the stock of the road. The first of these acts, by section 4, provides for the manner of calling and holding the election for and against subscription. It provides that the county judges or city council shall give at least thirty days' notice of the election, and the conditions of subscription. The other act relates to the manner of issuing the bonds of the city or county. These acts relate only to

county and city subscriptions, but the 18th section of the charter makes them applicable to towns at the ends or along the line of the road. When thus made applicable to such towns, in subscribing for such stock, the election was required to be called by the governing authority of the town, as it was by the authorities of the county or city. In a city, the common council was required to order the election, and the 18th section of the charter imposes that duty on the president and trustees. Under these acts a legal election could not be held without such an order. That, under the statute, invokes and brings the power into action, and that was the only mode in which it could be exercised. This was the first, and one of the most important, acts by which authority could be acquired to subscribe. None is more important to authorize the exercise of the power, unless it be a majority vote in favor of subscription. The president and trustees, in giving the notice of the election, could order the town clerk to prepare and post the notice, and that would be in conformity to the requirement. He who acts by another, acts by himself. Without such an order the town clerk was as powerless to give the notice as any other person in the town.

It has been frequently held that the election can be ordered only by the persons or functionaries designated by the law,— that an election called by any other person or body is absolutely void, and so of all acts growing out of or performed under it. See *Schuyler County* v. *Farwell*, 25 Ill. 181, *Clarke* v. *Hancock County*, 27 id. 305, and *Marshall County* v. *Cook*, 38 id. 44. These cases are decisive of this question.

The allegation standing confessed, that no election was ordered by the president and trustees, is fatal to the validity of the bonds involved in this case, and being void, there was no error in enjoining the collection of taxes for their payment, or interest thereon, and the decree of the court below must be affirmed.

*Decree affirmed.*