## Stever v. Heald.

1. **Appeal:** FROM JUSTICE'S COURT: JUDGMENT BY CONSENT. When a party consents to a judgment before a justice of the peace, he cannot claim to be "aggrieved" thereby, and hence he cannot appeal therefrom. Code, § 3575.

2. ———: TO SUPREME COURT: LESS THAN $100: PRACTICE. In actions involving less than $100, this court will not consider questions certified, unless they properly arise from the record in the case.

*Appeal from Jefferson Circuit Court.*

THURSDAY, OCTOBER 18.

THIS action was commenced before a justice of the peace, and judgment being rendered against the defendant, he appealed to the circuit court, where on motion of the plaintiff the appeal was dismissed, and the defendant appeals.

*Leggett* and *McKenney*, for appellant.

*H. N. West* and *Wilson & Hinkle*, for appellee.

SEEVERS, J.—This case was brought to recover $100 as damages claimed to have been sustained by the plaintiff. There was a trial before the justice of the peace and a jury. The jury failed to agree, were discharged, and the cause was continued for further hearing at a time to be fixed by the agreement of the parties. Five days thereafter the justice made the following entry on his docket:

"And now, on this 18th day of December, comes the plaintiff by his attorneys, and the defendant by his attorneys, and it is agreed that plaintiff shall take judgment against defendant for the sum of fifty dollars and costs, taxed at $65.20; and it was also agreed that plaintiff may amend his petition, not specifying new grounds or cause of damage, to the limit of justice's jurisdiction. Defendant at the time gave notice of appeal. Now, in pursuance of the above agreement, it is ordered and adjudged that the plaintiff recover of and from the defendant fifty dollars and costs, taxed at $65.20, and that execution issue therefor." On the succeeding day, the defendant filed an appeal bond and duly served a notice of appeal.

In the circuit court, the plaintiff filed a motion to dismiss the appeal on the ground, in substance, that none could be taken from such a judgment. The motion was sustained, and the court has certified two questions for the determination of this court.

I. The first question is as follows: "Has the defendant in a judgment entered by a justice of the peace upon the fol-

1. APPEAL from justice's court: judgment by consent.

lowing statement, viz.: 'It is agreed that plaintiff take judgment against defendant for $50.00 and costs taxed at $65.20,' the right of appeal to the circuit court?" It is perfectly clear that no appeal can be taken from the judgment of any court unless it is given by some statute. The statute provides: "Any person aggrieved by the final judgment of a justice may appeal therefrom to the circuit court in the county     *.    *.  Code, § 3575. Can it be said that a person is aggrieved by a judgment to which he consents? We think he cannot be. Aggrieved means "pained, afflicted civilly or politically." No one can be pained, afflicted or oppressed by an act to which he fully consents, or in which he unites. Nor can a party appeal from a judgment rendered on his own motion. *Hughes v. Feeter*, 23 Iowa, 547. Counsel for the appellant cite *Steamboat Lake of the Woods v. Shaw*, 2 G. Greene, 91; *The City of Dubuque v.*

*Rebman*, 1 Iowa, 446, and *Griffin v. Moss*, 3 Id., 261. In none of these cases was the question under consideration determined. Our attention is also called to *Brewer v. State of Connecticut*, 9 Ohio, 189. But the Ohio statute is materially different from the statute above cited. It is true that appeals have been allowed from confessions of judgment rendered in the district court. *Edgar v. Greer*, 7 Iowa, 136. But the ruling was placed on the ground that the power upon which the judgment was based or confessed was defective in matter of substance. In other words, the power being defective, no valid judgment could be rendered thereon. This, we think, presents a different question from the one before us.

II. The second question certified is as follows: "When a judgment is entered upon such a statement, can the right of appeal to the circuit court be preserved by a provision in the agreement for judgment before the justice, that there may be an appeal to the circuit court from such judgment?" The question assumes that it was agreed between the parties that judgment should be entered and the right to appeal preserved, or that it was agreeed there should be an appeal.

2. ——: to supreme court : less than $100 : practice.

If it appears from the record that the question just stated is fairly therein, it is our duty to determine it. But if it is not, and is a mere abstract proposition, then, as we have more than once said, we are not called on, nor have we the time, to determine such questions. The appellee insists that there was no agreement saving the right of appeal, and after full and careful consideration of the agreement of the parties as set forth in the justice's docket, we feel constrained to say that the construction placed thereon by the appellee is correct. All that we find is that the defendant gave notice of appeal. This is something materially different from an agreement to appeal, or reserving the right to do so. The appellant seems to have made a mistake as to his legal rights.

AFFIRMED.