CHARLES L. TRUITT AND MAY TRUITT, Appellees, v. MARGARET S. MACKAMAN AND F. H. MACKAMAN, Appellants.

Judgment upon stipulation: FINALITY. Where decree was entered against one of the defendants, the other not having been served with notice of the action, and after time for appeal plaintiff and the other defendant stipulated that the evidence taken should be submitted and that the decision thereon of the trial judge should be considered an arbitration, and if complied with within a certain time the cause should be dismissed, but if not decree should be entered against such defendant on the same terms and for the same amount as that against the other defendant: *Held*, that upon failure to comply with the finding of the court the decree entered was final and not appealable, and the fact that a right of appeal existed from the judgment against the other defendant did not affect the force of the stipulation as a finality.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, NOVEMBER 22, 1913.

SUIT in equity to rescind a contract or purchase and sale on the ground of various breaches thereof. At a previous

trial a decree was entered as against the defendant F. H. Mackaman. Upon the trial now under review a decree was entered by stipulation against the other defendant, Margaret S. Mackaman. Both defendants appeal.—*Dismissed* as to both appeals.

*Halloran & Starkey* and *Tesdall & Mackaman,* for appellants.

*Hager & Parrish,* for appellees.

EVANS, J.—In December, 1909, the defendants sold to the plaintiffs, by written contract, certain lots in the city of Des Moines and agreed to erect thereon a dwelling house according to certain specifications. For such consideration the plaintiffs agreed to pay the defendants the sum of $3,000. One thousand dollars of such consideration was paid in March, 1910, in advance of performance. In December, 1910, plaintiffs brought this action against both defendants to rescind the contract for failure of performance on the part of the defendants. They asked to recover back the sum of $1,000 paid and that they have a lien therefor upon the premises involved. In March, 1911, the case came on for trial as against the defendant F. H. Mackaman alone; no service having been had on the other defendant. Such trial resulted in a decree for the plaintiffs against such defendant, and such decree was duly entered of record on March 20, 1911. No appeal was ever taken from such decree. On January 11, 1912, the cause came on for trial as to the defendant Margaret S. Mackaman. Thereupon the parties entered into a very peculiar stipulation. They stipulated in substance that the former evidence should be submitted to the trial judge as an arbitrator, and that his finding and decision thereon should be "taken as an arbitration of said cause," and that, if such finding and decision should be complied with by the defeated

parties "within ten days from the time said finding is made, then the case shall be ended and cause dismissed as to all defendants. But, if said finding and decision are not so complied with and the said award and costs are not so paid within said ten days, then plaintiffs shall have judgment and decree against defendant Margaret S. Mackaman as prayed for the same amount and upon the same conditions and terms as heretofore entered against defendant F. H. Mackaman."

A finding having been duly made against the defendant, and she having failed to comply with the same for more than ten days, a decree was entered against her on the stipulation for the same amount and upon the same conditions and terms as previously entered against her codefendant, F. H. Mackaman. The appellees contend that no appeal will lie from the decree because entered upon stipulation. They have filed a motion to dismiss the appeal on that ground, and this is the first question that confronts us. The situation is a very peculiar one, but it is one of the parties' own voluntary making. There was no attempt to repudiate the stipulation in the court below. There was no objection made in the progress of the so-called arbitration, nor any exception to the finding thereon, nor any objection to the entry of the decree upon the stipulation. We have therefore a clear case of a decree by stipulation. It is the contention of counsel for appellant that the right of appeal was saved in such stipulation by the provision that the decree to be entered against the present defendant was to be "upon the same conditions" as the former decree against her codefendant. It is urged that there was a right of appeal from the other decree under the law and that therefore there must be a right of appeal from the present decree. There was no appeal in fact from the former decree. The time for taking appeal had expired before the stipulation here involved was entered into. At the time of the stipulation such former decree was a verity and could not thereafter be appealed from. If the stipulation was sufficient to sustain the decree in the lower court, it must neces-

sarily be sufficient to sustain it here; if the stipulation was necessarily binding upon the lower court, it is necessarily binding upon us also. Under the stipulation the trial court could not have entered a decree for the defendants. The decree entered was the only one which the court could enter without violating the stipulation of the parties. It would be an anomaly if we could reverse the trial court for doing that which it was bound to do under the stipulation. And yet the contention of the appellant is in substance that, though the stipulation was in fact binding upon the lower court, it is not binding upon us because of the alleged right of appeal. If this argument could be sustained, the stipulation was worth nothing. The burden of proof was upon the plaintiffs. It were a vain thing to obtain a decree by stipulation in the lower court, if the decree must be defended upon appeal on its merits without any evidence in the record to support it. We think the decree entered by stipulation in the lower court was a final disposition of the case and left nothing upon which error can be ·predicated here. The appeal must therefore be dismissed.

We have already noted that both defendants, F. H. Mackaman and Margaret S. Mackaman, appeal. The only decree entered against F. H. Mackaman was so entered in March, 1911. His joining in the present appeal was doubtless an inadvertence. No point or claim has been made in his behalf in the argument. To avoid confusion in the record, however, a formal order will be entered here dismissing his appeal also on the ground that it was not perfected within the statutory period.—*Dismissed* as to both appeals.

WEAVER, C. J., and LADD and PRESTON, JJ., concur.