ETHEL V. LESLIE, Appellee, v. L. W. BARNES, Appellant (and two other cases).

SCHOOLS AND SCHOOL DISTRICTS: Directors—Contested Election
1  —Appeal From Consent Judgment. An election contestant may not appeal from the judgment of the contest board holding the election in question illegal and providing for the calling of a new election *by said board*, when he *consented* to the entry of such judgment; nor may an estoppel to question such appeal be based upon the fact that the official board of which appellees were members refused to recognize the validity of the new election called by the contest board.

ELECTIONS: Contests—Judgment of Illegality of Election—Effect.
2  The judgment of a contest court holding the election in question illegal is valid and conclusive upon both parties to the contest, unless appealed from and reversed. (See Book of Anno., Vol. 1, Sec. 11567, Anno. 45 *et seq.*)

ELECTIONS: Ordering or Calling—Call by Unauthorized Body. Prin-
3  ciple recognized that an election which is called by an unauthorized body is a nullity.

Headnote 1:  3 C. J. p. 671; 35 Cyc. p. 879.  Headnote 2:  20 C. J. p. 262.  Headnote 3:  35 Cyc. p. 878.

*Appeal from Pottawattamie District Court.—* O. D. WHEELER, Judge.

MAY 7, 1926.

THIS is a consolidation of the three above entitled causes. In each, the plaintiff, claiming to have been elected a director in an independent school district, contested the election. A duly organized contest court, by agreement of the parties, adjudged the election illegal, and set it aside. From the judgment of the contest court the plaintiffs appealed to the district court. The latter court overruled motions to dismiss the appeals, and found the plaintiffs entitled to the offices. From this judgment the defendants appeal.—*Reversed.*

*C. E. Swanson* and *Robertson & Robertson,* for appellants.

*Kimball, Peterson, Smith & Peterson,* for appellees.

VERMILION, J.—I. The appellants were members of the board of directors of the Independent School District of Mc-Clelland, and at the school election on March 9, 1925, were candidates for re-election. The appellees also were each voted for at such election for different terms as director, and the two of them who were seeking the same terms for which appellants were candidates, received more votes than appellants, and the other received all of the votes cast for that term. Upon grounds the validity of which we do not find it necessary to determine, the judges of election declared appellants duly elected as directors, and they qualified as such. Thereupon the appellees filed a statement of contest of the election. A contest court was duly organized, and proceeded with the hearing. After the partial submission of the contest, by agreement of the parties, judgment was entered by the contest court declaring the election illegal, setting it aside, and ordering a new election. This appears both by stipulation of the parties and by the judgment itself. At the new election, held pursuant to that judgment, the appellees received all the votes cast for director for the respective terms for which they were candidates. The school board, however, of which, as has been said, the appellants were members, refused to recognize the second election, or to permit the appellees to qualify as directors; and the appellants continued to hold office as directors, claiming to hold over, as officers for whom no successors had been elected. Thereupon the appellees appealed to the district court from the judgment of the contest court.

1. SCHOOLS AND SCHOOL DISTRICTS: directors: contested election: appeal from consent judgment.

In the district court, the appellants here moved to dismiss the appeal, on the ground that the appellees here, the appellants in that court, had consented to the judgment of the contest court declaring the election illegal and setting it aside, from which judgment they sought to appeal. The court below overruled the motion, and, on the submission of the cause on a stipulation of facts, found and adjudged that the appellees here had been duly elected at the first election.

We think the motion to dismiss the appeal should have been sustained. It is well settled that a party cannot appeal from a judgment entered on his own motion, or to which he

consented. *Hughes v. Feeter,* 23 Iowa 547; *Stever v. Heald,* 61 Iowa 709; *Truitt v. Mackaman,* 162 Iowa 253; *Van Gorden v. Schuller,* 192 Iowa 853. See, also, 3 Corpus Juris 671, and cases there collected.

But it is argued by appellees that appellants' claim is for an estoppel: that is, that appellees are estopped by their consent to the judgment of the contest court from prosecuting an appeal therefrom. And it is said that an estoppel must be mutual, and, since appellants refused to recognize the result of the second election ordered by the contest court, they cannot be heard to question the right of the appellees here to appeal from that judgment; that appellants are themselves estopped. Cases involving the question of estoppel *in pais* are cited, and general observations on the essentials of estoppel are called to our attention. The principles of estoppel are well settled, and require no restatement here.

The judgment of the contest court, so far as it determined that the first election was illegal and set it aside, was valid, and was binding, until reversed on appeal, upon both parties. In effect, it adjudicated that no one had been elected. Section 1037, Code of 1924. Its effect lacked no element of mutuality.

2. ELECTIONS: contests: judgment of illegality of election: effect.

That the contest court had no authority to order a second election, and that the election held in pursuance of its order was a nullity, is not questioned. The order for the new election acquired no validity by the consent of the parties that it should be made. In *State ex rel. Davitt v. Crow,* 186 Iowa 497, we said: "To be authorized by law, it [an election] must be called and held under the sanction of the law. It must be called by one authorized under the law to call an election, and the notices must be issued under authority of law by a person designated in the law to give the notice. There is no such thing as a voluntary election, by which the minority can be bound by the act of the majority."

3. ELECTIONS: ordering or calling: call by unauthorized body.

See, also, cases there cited.

The school board could not have given validity to the second election by recognizing as directors those who received the majority of the votes thereat. Appellees are not now

claiming otherwise. They concede the invalidity of that election, and do not claim the offices because of its result. But they say, in effect, that, notwithstanding that election was illegal, yet, because appellants, as members of the school board, have refused to recognize it as valid, or to recognize any right of appellees, under it to the offices in question, appellants are estopped to question the right of appellees to appeal from the judgment to which they consented.

Appellees invoked the jurisdiction of the contest court, and consented to a judgment upon a question within its jurisdiction. They would avoid the proper effect of that consent because of appellants' refusal to recognize as valid an act that they themselves concede was invalid,—one entirely beyond the authority or jurisdiction of the contest court to order done; one that neither by the judgment, the consent of the parties, nor any procedure by the school board could have been given validity.

Had it been possible to give validity to the second election, it might be that appellants, by consenting to the order of the contest court calling it, would be estopped to deny its legality. But that is not the question before us. All parties, including appellees, were bound to know that a valid election could not be called or ordered by the contest court, or held by agreement of the parties who were voted for at the first one. Charged with such knowledge, appellees consented to the judgment that the first election was illegal. They cannot avoid the effect of that consent because the contest court, with the consent of all parties, but without authority, ordered a new election, and appellants have recognized the invalidity of the election so ordered. The sum of appellees' claim is that, because appellants, as members of the school board, refused to do a thing which they could not legally do, and which appellees were bound to know they could not do, they are estopped to assert that appellees consented to the judgment. We think that such a result does not follow, and see nothing in the situation to take the case out of the general rule that one who has consented to a judgment cannot appeal from it.

In this situation, the judgment of the contest court that

the first election was illegal is conclusive upon the parties, and we have no occasion to determine whether that judgment was right or wrong, or whether or not the appellees were in fact elected at the first election. With that election held illegal, no one was elected; and appellants, as directors, were entitled to hold their offices until their successors were elected and qualified. Section 1145, Code of 1924.

II. The question whether appellants, at the time they appealed from the adverse decision of the district court, were entitled to supersede the judgment against them and remain in possession of their offices pending the appeal is now moot, and will not be considered.

The judgment is—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.