Roy E. Boley et al., Appellants, v. City of Sumner, Illinois, Appellee.

578

Opinion filed June 6, 1938.

KASSERMAN & KASSERMAN, of Newton, for appellants.

B. O. SUMNER, of Lawrenceville, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

On April 2, 1935, there was submitted to the legal voters of the town of Christy, Lawrence county, Illinois, the following proposition: ''Shall the sale at retail of alcoholic liquors be prohibited in the Town of Christy?'' At this election all of the voters of said town, including those residing within the corporate limits of the city of Sumner, Illinois, voted on this proposition. The proposition was declared to have carried, but the results of the election were never enforced for the reason that the officials of the town were advised that it was illegal for the voters residing in towns outside the corporate limits of cities and villages and voters residing inside the corporate limits to vote together at the same election on such a proposition.

On April 20, 1937, the voters of the city of Sumner, Illinois, which was a city within the corporate limits of the said town of Christy, voted on the following proposition: ''Shall the sale at retail of alcoholic liquors be prohibited in this city?'' The said proposition was declared to have carried, and within 10 days thereafter the appellants herein, being five legal residents and legally qualified electors and voters of the city of Sumner, filed a petition in the county court of Lawrence county, Illinois, to contest the validity of said election so held on April 20, 1937, on the theory that under the statute the said voters residing in the city of Sumner, Illinois, could not vote on the said proposi-

tion until the expiration of 47 months from the election that was held therein on April 2, 1935.

On a stipulation of the facts the said county court of Lawrence county, Illinois, held the said election of April 20, 1937 to be invalid and void. Thereafter, the appellee herein filed a petition for writ of certiorari in the circuit court of Lawrence county, Illinois, on May 28, 1937, to review the proceedings in the county court. A motion to strike was sustained and leave granted to file an amended petition. An amended petition was filed on June 11, 1937, alleging the facts as herein above set forth and alleging further that the county court did not acquire jurisdiction under the original petition to determine the validity of said election, and that the court proceeded illegally in passing upon said question, and that no appeal could be taken from the order or decree entered by said court, and that there was no other mode of directly reviewing the said proceedings of the county court other than by certiorari.

The appellants herein filed a motion to quash the writ of certiorari, and a stipulation was entered into that the proceedings in the county court should stand as a return to the writ and formal return and service was waived.

Whereupon the matter was submitted to the court upon the record of the proceedings, and the court entered an order denying the motion of the respondents, appellants herein, to quash the writ of certiorari, and decreeing that the order and decree entered in the county court should be quashed, reversed, set aside, and for nought esteemed.

From this latter order the appellants have perfected this appeal.

Only one reason is urged in upholding the action of the county court in the contest of the election of April 20, 1937; that is, that this election was within 47 months

from the supposed election of April 2, 1935. In this record appears a stipulation of the parties that the election of 1935 was unlawful so far as the city of Sumner is concerned, and it may be said in support of that stipulation that all parties so regarded it, and no action was ever taken under it. In view of that, said supposed election cannot be a bar to the election held, which is also admitted in all respects to be legal, subject to the one objection, the election of April 20, 1937.

The statute which prescribes that no vote shall be held within 47 months, and so forth, contemplates a vote in compliance with law; it does not contemplate a make-shift election which everybody agrees is no election at all. An invalid and void election creates no rights and no responsibilities. Nothing may be had by virtue thereof; it is the same as if the election had never been held (*Jacksonville N. W. & S. E. R. Co. v. Town of Virden,* 104 Ill. 339).

It is true that no appeal lies from a contest of election of this character in the county court to determine its correctness, but certiorari is a proper remedy to determine the one question as to whether the county court has jurisdiction to hear and determine the issue. (*Village of Hinsdale v. County Court of DuPage County,* 281 Ill. App. 571.)

Under the record in this case and the law which must be applied to it, the circuit court properly held that the county court had no jurisdiction to contest the election it did contest, and did not err in quashing the record of the proceedings.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*