In re Fence Dispute Between Ernest Swisher et al.

APPEAL AND ERROR: Review—Scope—Fence Viewers—Appeal from Confirming Order. Only questions of law will be considered on appeal from an order by the trial court which confirms the decision of fence viewers. (See Book of Anno., Vol. I, Sec. 11431, Anno. 8 *et seq.*)

Headnote 1: 4 C. J. p. 726; 25 C. J. p. 1031 (Anno.)

*Appeal from Page District Court.*—W. C. Ratcliff, Judge.

DECEMBER 13, 1927.

Ernest Swisher and Pearl Swisher appealed from order of fence viewers, apportioning division fence between their land and the land of R. W. Orme. The district court approved the decision of the fence viewers, and dismissed the appeal. Ernest Swisher and Pearl Swisher appeal to this court.—*Affirmed.*

*Genung & Genung,* for appellants.

*P. L. Millhone,* for appellee.

MORLING, J.—The partition line between the land of R. W. Orme, appellee, on the north, and Ernest Swisher and Pearl Swisher, appellants, on the south, is 160 rods in length. A ditch draining 120 acres of land flows northwardly through the Swisher land to a point just west of the east end of the west 80 rods of the division line. At that point, the ditch, which is there 8 to 14 feet deep and 12 to 14 feet wide, turns west, and runs along the division line 30 to 35 rods. It then turns northeastwardly. The fence viewers, taking into account the expense and difficulty of maintaining a fence in the ditch, apportioned 90 rods on the east end to be maintained by one party, and 70 rods on the west end to be maintained by the other. They testified that they gave to the parties their choice as to which end they would take; that Orme said he would take either end, but Swisher wanted it left as it was. The Swishers had been maintaining the east end, and Orme the west. As so apportioned, the Swishers would have 8 or 10 rods of the fence in the ditch to maintain, which would have to bear the force of the water as it comes from the south, and strikes the division line. The Swishers seem to want to place that part of the fence on the north rim of the ditch, which would be on Orme's land.

The only ruling of the district court shown in the abstract is the judgment finding the equities with the fence viewers, approving their decision, dismissing the appeal, ordering that the fence be erected at once, and permitting the owner not in default to complete the share of the defaulting party at the defaulting party's expense. No exception was taken to this judgment. Both parties have argued the case. The appellants assign no errors, but say:

"The proposition that we desire to submit to this court is whether or not a court of equity can permit a fence to be built upon the bank at a place where it is not along the section line;" and second, "Can a court of equity, in reviewing the action of the viewers, modify such order, and permit the fence to be built other than on the section line or the half-section line, instead of requiring the parties to build it in a place where the evidence shows would be impossible to maintain the same?"

The appeal in the district court was a special action. Code

of 1924, Section 10939; *Starr & Hallock v. Ingham & Warren,* 84 Iowa 580; *Scott v. Lasell,* 71 Iowa 180; *Hartley v. Keokuk & N. W. R. Co.,* 85 Iowa 455, 460. It was triable by ordinary proceedings (Idem; Code of 1924, Section 10943), and therefore not triable *de novo* here. *Ames Evening Times v. Ames Weekly Tribune,* 183 Iowa 1188; *State v. Consolidated Ind. Sch. Dist.,* 188 Iowa 959. No error at law is presented to this court for correction.

See, however, on the merits of the case, *Foster v. Bussey,* 132 Iowa 640; *Myers v. Tallman,* 169 Iowa 104; 25 Corpus Juris 1031 to 1033.—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.