IN RE ESTATE OF ELI COHEN.

SARAH COHEN, Claimant, Appellant, v. ALBERTENA MAYNE, Applicant, et al., Appellees.

No. 41845.

Lappen, Carlson & Clarke, for appellant Sarah Cohen.

Isador Robinson, for appellee Cohen's Estate.

Howe & Howe, for appellee, Faye Cohen.

Hall & Mitchell, for applicant, Albertena Mayne.

James P. Irish, pro se.

STEVENS, J.—Eli Cohen died intestate on December 9, 1930, survived by his widow, Sarah, Faye, a daughter by a former marriage, and Aaron L., a son of the deceased and his surviving widow. Both Faye and Aaron had attained their majority prior to the death of the father. The surviving widow, who is the claimant and appellant herein, and the daughter, Faye, were appointed administratrices of the estate, and gave prompt notice thereof.

On September 7, 1921, the husband and wife jointly executed a note for $2,500, together with a mortgage upon lot 76 in Rutherford Heights, an addition to the city of Des Moines, the homestead of the parties, to Albertena Mayne to secure the payment of the aforesaid note. The consideration for the note was a part of the purchase price of the homestead. Default having occurred in the payment of the mortgage indebtedness, an action was commenced in equity by the mortgagee against Sarah Cohen as administratrix, and as a maker, and also against Faye as administratrix, and all other parties in interest.

Appellant appeared in the foreclosure action, and filed a cross-petition, in which she alleged that she signed the note in suit for the accommodation of her husband only and without any intention to bind herself, that the estate owns considerable other real estate, and that the mortgaged premises constituted the homestead of the parties, and prayed that any judgment rendered on the note should be established first as a lien upon the real property of the estate

other than the homestead, and that same be first exhausted for the payment of the debt, and that the cause of action be established only as a claim against the estate of her decedent. No other pleadings were filed in this action. The court on February 11, 1932, caused personal judgment to be entered against the administratrices of the Eli Cohen estate and personally against appellant, established the mortgage as a lien on the homestead, decreed a foreclosure thereof, and ordered special execution. The homestead was sold on special execution for $1,939.01, leaving a deficiency judgment of $953.20.

The court made certain findings of fact in the decree, among which was:

"That the defendant Sarah Cohen signed the note herein declared upon only as an accommodation maker but as between the plaintiff and said defendant, a personal judgment should be entered against the defendants Sarah Cohen. * * * "

The concluding paragraph of the decree is as follows:

"It is hereby further ordered adjudged and decreed that the prayer of said cross-petition of the said defendant Sarah Cohen is denied as to the said plaintiff Albertena Mayne and that the matter of the said cross-petition as to other said defendants in this cause be and the same is hereby continued for hearing upon the merits of the said cross-petition."

On March 7, 1932, original notice of the cross-petition of Sarah Cohen in the foreclosure action was served upon all of the defendants named in the petition, including Faye Cohen as administratrix. Faye Cohen, individually and as administratrix, appeared in due time and filed answer to the cross-petition of appellant. In her answer she set up the specific lien of the mortgage on the homestead, denied the right of appellant to have the indebtedness paid and satisfied out of the other property of the estate, and denied generally the allegations of the cross-petition not specifically admitted. Appellant's claim that she signed the note as an accommodation maker is denied.

On April 7, 1932, appellant filed a claim against the estate of her husband in which she set up the proceedings and judgment in the foreclosure action, the finding of the court that she signed the $2,500 note as an accommodation maker only; that the real property, other than the homestead, of the estate is ample and sufficient

to discharge the judgment in foreclosure, and asked that redemption be made of the sale of the homestead and that the deficiency judgment be paid out of the proceeds to be derived from the sale of the real estate other than the homestead.

James P. Irish was, on the day the claim was filed, appointed special administrator for the purpose of passing thereon. The order of appointment, however, authorized and directed him to pass upon other claims unpaid against the estate, and to institute any necessary proceedings for the purpose of subjecting the real estate other than the homestead to the payment of the debts against the estate. In due time, the special administrator made a detailed report showing all of the claims against the estate and specifically approving the claim of appellant and asking that the same be paid out of the property of the estate. Thereafter Faye Cohen, as one of the heirs at law of the deceased, filed objections to the report of the special administrator setting up numerous defenses, among which was that the claim was not filed within the time allowed by law.

The record also shows that Albertena Mayne, plaintiff in the foreclosure action, in June, 1932, filed an application in the estate setting up the failure of the administratrices to pay the deficiency judgment or to institute proceedings for the sale of other real estate for that purpose, and asked that they be removed from office. Resistance was filed to this application by Sarah Cohen, and the matter was set down for hearing before one of the judges of the Polk county district court. Upon final hearing of the matters submitted, the court denied the claim of appellant, and found, as a matter of law, that the special administrator was without authority to sell real estate belonging to the estate of the deceased, and his application therefore was denied.

The record does not show that any final order or judgment on the application for the removal of the administratrices or other matters involved in the controversy was entered. Sarah Cohen has appealed from the order and judgment of the district court in so far as the same is adverse to her.

Appellant relies upon the finding of the court in the foreclosure action heretofore quoted in full as constituting an adjudication binding upon all of the parties interested in the estate of her husband that she was, in fact, an accommodation maker of the note. No other proof was offered on this point. We understand from the record that the consideration for the note was a part of the purchase

price of the property which constituted the homestead of the parties.

For the purpose of this case it may be conceded, but without so holding, that, if the proof sustains the claim of appellant that she signed the note as an accommodation maker, she would be entitled to the relief sought. Is the finding of fact heretofore quoted in the decree in the foreclosure action sufficient to constitute such proof? The court granted no relief to appellant based upon such finding— on the contrary, personal judgment was entered against her for the amount of the note. The decree in terms did no more than continue the cross-petition for hearing at some later time upon the merits. As previously stated, the decree from which this appeal is prosecuted denied the claim of appellant, but we find no reference therein to the cross-petition. The record is not very clear as to just what was in fact submitted to the court for decision. It appears to be the law of this state that the court's finding of facts in a decree, although followed in the same instrument by a final judgment and decree, is no part of the adjudication, and is not binding as such. Higley v. Kinsman (Iowa) 216 N. W. 673, 676 (not officially reported); Judge v. Powers, 156 Iowa 251, 136 N. W. 315, Ann. Cas. 1915B, 280; Christie v. Iowa Life Ins. Co., 111 Iowa 177, 82 N. W. 499; Northwestern Mutual Life Ins. Co. v. Blohm, 212 Iowa 90, 234 N. W. 268; Van Alstine v. Hartnett, 210 Iowa 999, 231 N. W. 448; G. Amsinck & Co. v. Springfield Grocer Co. (C. C. A.) 7 F. (2d) 855; Brady v. Interstate Commerce Commission (D. C.) 43 F. (2d) 847.

In Higley v. Kinsman, supra, the court said:

"It is a well-established rule that it is only the decretal portion of a decree that is binding and becomes res adjudicata. The recital of facts in a decree is usual and is proper, but the rights of the parties are adjudicated, not by the recital of facts, but solely by the decretal portion of the decree. It is this and this only that becomes the final judgment of the court, from which an appeal will lie."

The finding of the court that appellant signed the note referred to as an accommodation maker only was in no sense essential to the decree that followed nor was any portion thereof based thereon. The court did, however, in the portion of the decree quoted above, seek to preserve all of the issues tendered by appellant's cross-petition for disposition at some later time. No other evidence than the decree in the foreclosure action for the purpose of sustaining ap-

pellant's claim that she was an accommodation maker was introduced upon the trial. As already appears, this finding was no part of, and did not constitute an adjudication of, any issue decided by the court in that action. Therefore the record is barren of any evidence tending to show that appellant signed the note as an accommodation maker. This very question was not only not decided by the court in the foreclosure action, but it was reserved and continued for further hearing. In the absence of some showing that appellant was in the position of an accommodation maker, the record contains no ground upon which her alleged claim against her husband's estate could possibly be allowed.

Upon the record before us, the court, therefore, properly refused to affirm the recommendation of the special administrator that the claim be allowed. The judgment is accordingly affirmed.— Affirmed.

KINDIC, C. J., and MITCHELL, ANDERSON and KINTZINGER, JJ., concur.