J. C. CREEL, JR., Appellee, v. STELLA HAMMANS, Appellant; C. H. HAMMANS et al., Appellees.

No. 45846.

AUGUST 11, 1942.

Camp & Harsh, of Creston, for appellant, and for C. H. Hammans, Doris Hammans, and Mrs. J. W. Hammans, appellees.

Kenneth H. Davenport, of Creston, for J. C. Creel, Jr., appellee.

HALE, J.—John F. White, owner of the land involved herein, died in 1917, leaving a will, a copy of part of which is as follows:

"I, John F. White of Jones Township Union County Iowa, aged 47 years being of sound and disposing mind, Make, Publish and declare this to be my last Will and Testament. After the payment of all my just debts, if any there be I will and bequeath all of my property of Evry discription both Real Estate and personal to my beloved Wife Emma White to controle and manage as she may see fit while she shall live, should she survive me. I have full confidence in her ability to manage our Business interests and to do Justice by all concerned and I

hereby nominate and appoint her as Executor of this my last will or give her power to appoint one if any should be needed. * * * "

The widow, Emma White, later married S. W. Creel, who survived her, and there were no children. In 1929 she died, leaving a will. Under this will there was a life estate in some property given to Fannie Childs, some personal bequests, and the remainder to the children of Stella Hammans. The will had been mutilated by having the words "the children of" cut out so that it read that the remainder went to Stella Hammans. This will was contested and the contest settled by an agreement between said S. W. Creel and Stella Hammans. On July 11, 1930, by contract, S. W. Creel sold his half of the real estate to Stella Hammans for $5,500, payable in installments, on which $1,650 was paid, and suit was brought in 1940 by J. C. Creel, Jr., assignee of S. W. Creel, his petition alleging the failure of payments since 1937, and asking for foreclosure of the contract for sale of land.

To this petition defendant Stella Hammans filed answer and counterclaim. Defendant, in her counterclaim, asked judgment against the plaintiff for $1,650, with interest, money she alleged she had paid to plaintiff on the contract sued on, and she further claimed that she owned the property as the heir of John F. White, deceased, by a written contract of adoption, and therefore her contract to purchase said real estate was a contract to buy something she already owned, and she denied that plaintiff or his assignor ever had any right, title, or interest in the property.

In September 1941, plaintiff filed a dismissal of his petition of foreclosure without prejudice, and also filed a reply to defendant's counterclaim, which left for trial only the issues set up in the counterclaim and reply thereto. The reply to the counterclaim alleged, first, a general denial; second, a denial that the articles of adoption were executed and filed and acknowledged as required by law, and that the money paid by Stella Hammans was wrongfully received by the plaintiff. The reply further stated that Emma White Creel died seized of the

premises and that the defendant Stella Hammans was one of the executors; that Stella Hammans has held possession of the real estate as one of the heirs and devisees of Emma White Creel and by virtue of the contract entered into between S. W. Creel and said defendant, and that any claim defendant may have to the premises as heir of John F. White is now barred by the statute of limitations and by the special limitation of section 11024; and alleged that defendant Stella Hammans is estopped to set up any title by virtue of her alleged heirship.

Trial to the court, and decree was entered September 26, 1941, finding for the plaintiff and making several findings of fact, including the bar of the statute of limitations, and settlement of rights of Stella Hammans by contract of July 11, 1930, and that the contract of that date is valid and enforceable. The decree dismissed the counterclaim on its merits and gave plaintiff judgment for costs.

Defendant Stella Hammans concedes the correctness of the opinion of the trial court that she had not sufficiently proved the contract of adoption and that she was not entitled to recover on the counterclaim from the plaintiff. The only reason for this appeal is that in the decree of the court, which was signed and filed, the court made a finding that the contract sued on by plaintiff was a good, valid, and enforceable contract.

The error therefore claimed by said defendant is only that the court erred in finding that the contract on which suit was brought was a good, valid, and enforceable contract. Defendant Stella Hammans alleges that the only issue raised in the pleadings to the counterclaim made by her was the existence or nonexistence of an oral contract making the said Stella Hammans an heir of John F. White. Having decided that issue in favor of the plaintiff, which the defendant Stella Hammans concedes was the correct decision under the evidence introduced, said defendant alleges that the court erred in going beyond that issue and granting the plaintiff affirmative relief based on issues not embraced in the pleadings of the counterclaim or reply thereto.

Other reasons that the court's holding was erroneous in finding that the contract was valid and enforceable are set out by defendant, but we find it unnecessary to discuss them. Plaintiff

(defendant in counterclaim) filed a motion to dismiss the appeal and for grounds alleges: ·

1. It appears from the brief and argument of the appellant that the appellant concedes that the trial court was correct in holding that the appellant was not entitled to recover on the counterclaim from the appellee, and therefore that the trial court was right in dismissing the counterclaim of the appellant on the merits.

2. The appellant is not asking that the case be tried de novo, and assigns one error only and that error is to the effect that the court erred in decreeing that the contract is a good and valid and enforceable contract. But the court did not so decree, but merely made a finding of fact to that effect, which was not included in the decretal part of the judgment entry.

This motion was ordered submitted with the case, and the grounds thereof are argued with other matters in the arguments of both appellant and appellee.

There were various findings of fact in the court's opinion and in the formal decree. But the decretal part is only as follows:

"It is therefore by the court considered, ordered, adjudged and decreed that the counterclaim of the defendant, Stella Hammans, now on file herein be and the same is hereby dismissed on the merits and that the plaintiff J. C. Creel, Jr., do have and recover from the defendant Stella Hammans, all costs accrued herein since the filing of the plaintiff's dismissal taxed by the clerk at $51.70, and all accruing costs herein and that general execution issue therefor."

We have here the rather unusual situation of the appellant conceding the correctness of the decree under the evidence, but objecting to a recital of fact, which is not a part of the judgment.

This court has often ruled on questions in cases wherein exception was taken to recitals in a decree. In Van Gorden v. Schuller, 192 Iowa 853, 856, 185 N. W. 604, 605, the court says:

"While the notice of appeal is from the decree generally, plaintiff's counsel concede that the defendants were entitled to the relief demanded in their cross-petition, and that the court

properly granted it; but they take exception to some of the findings recited in the decree. In other words, counsel say, in their reply argument:

" 'We are not appealing from the relief granted in the case below, but we are appealing from the unwarranted findings of facts, which were not necessary to support the relief granted in the decree, and were outside of the issues and the evidence on the issues as presented by the cross-petition.'

"The ground for this somewhat peculiar proposition appears to be that plaintiff, having dismissed his suit for specific performance, desires to bring action at law against Schuller for damages, and fears that the findings of fact in the decree rendered upon defendants' cross-petition may have the effect of an adjudication against him."

The court then holds that such an appeal cannot be sustained and further holds that the recital or findings of fact by the trial court is not a final judgment or decision, it is not a decree. The court holds that the decree, properly speaking, includes only that part of the court's final pronouncement which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties so far as they relate to the subject matter of the controversy. See, also, In re Estate of Cohen, 216 Iowa 649, 246 N. W. 780; Judge v. Powers, 156 Iowa 251, 136 N. W. 315, Ann. Cas. 1915B, 280. In Van Alstine v. Hartnett, 210 Iowa 999, 1002, 231 N. W. 448, 449, there is cited the Van Gorden case above, and the court says:

"It must follow that there is a distinction between the findings and opinion of the court and the decretal part of the decree, and also that, whatever may appear in the writing designated as 'the decree,' only those things are of force and effect which are in the provisions of the instrument which in fact is the decree."

See, also, Lotz v. United Food Markets, 225 Iowa 1397, 283 N. W. 99, and cases cited; Harmon v. Hutchinson Ice Cream Co., 215 Iowa 1238, 247 N. W. 623; In re Estate of Evans, 228

100

Iowa 908, 918, 291 N. W. 460; In re Estate of Hale, 231 Iowa 1018, 2 N. W. 2d 775, 779.

In line with the authorities, we must hold that the appeal in this case cannot be sustained, and that the motion to dismiss should be sustained.—Appeal dismissed.

All JUSTICES concur.