IOWA PUBLIC SERVICE COMPANY, a corporation, appellant, v. CITY OF SIOUX CITY and members of city council, appellees.

No. 50712.

(Reported in 116 N.W.2d 466)

[redacted]

JULY 24, 1962.

[redacted]

Sifford & Wadden, of Sioux City, and Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar Rapids, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellees.

GARFIELD, C. J.—Defendants-appellees, Sioux City and members of its city council, filed motion to dismiss appeal of plaintiff, Iowa Public Service Company, in part for want of jurisdiction. The motion and resistance and supporting briefs were argued and submitted. The questions raised were deemed of sufficient importance to call for an opinion.

The action was commenced December 29, 1959. Plaintiff alleged the city's Ordinance No. R8376 did not provide plaintiff a fair return on the value of its property devoted to public use in the city, fixed rates for gas service which were confiscatory and deprived plaintiff of its property without due process. A

24

temporary injunction issued against enforcement of the ordinance and interference with rates to be put in effect by plaintiff upon its filing a bond of $750,000 conditioned to pay all damages adjudged against it for wrongful issuance of the injunction.

Trial of the case commenced February 23, 1961, and was concluded, with several intervening continuances, May 4. Findings of Fact, Conclusions of Law and Decree were filed September 18, 1961, consisting of 59 typewritten pages. No appeal was taken from the decree or any part thereof by either party.

The decretal portion of the decree provides: "It is therefore ordered, adjudged and decreed by the court that Ordinance No. R8376 of the City of Sioux City is unconstitutional; that permanent injunction will issue against the defendants, or any other person or persons acting by, through, or under their authority, enjoining them from enforcing the terms of said Ordinance. Jurisdiction of this action, the parties and the subject matter is reserved for such further proceedings as may become appropriate. Costs are taxed to the defendants."

Defendants-appellees thereafter filed their application for refund of the portion of rates collected by plaintiff alleged to be excessive. Hearing was had on the application and on April 2, 1962, an order was entered directing plaintiff-appellant to refund $624,705 collected from gas users in 1960 and 1961, together with interest and state sales tax, and also further amounts collected in 1962. Plaintiff perfected timely appeal to this court from this refund order. Its notice of. appeal, after reciting the appeal from the refund order, goes on to state:

"And from Findings of Fact and Conclusions of Law, filed herein on the 18th day of September 1961 and from each and every ruling adverse to plaintiff during the progress and hearing of the cause upon which Findings of Fact and Conclusions of Law were based and from all other matters, orders and rulings adverse to the plaintiff in this cause from its inception to and including the aforesaid Refund Order dated April 2, 1962, *adopted by the court on this refund hearing and affecting the Refund Order.*" (Emphasis added.)

Defendants do not question plaintiff's right to appeal from the refund order but have moved to dismiss the portion of its

appeal stated in the above quoted language on the ground this court is without jurisdiction to hear it. Principal argument in support of the motion is that the findings of fact (of which there were 52 pages) in the decree of September 18, 1961, have the same force and effect as final adjudications that the decretal part of the decree does.

Plaintiff's main response to this argument is that the September decree proper (holding the ordinance unconstitutional and enjoining its enforcement) was in its favor, having won its case it could not appeal from any findings which might be adverse to it, they would be deemed without prejudice to plaintiff and therefore such findings are not conclusive against it on its appeal from the refund order.

We think our decisions are contrary to defendants' principal argument in support of their motion and sustain plaintiff's response thereto.

I. What would perhaps be a close question, if it were not for the position taken by both sides thereon, is whether the decree of September 18, 1961, was a final judgment from which appeal lay as a matter of right under rule 331(a), Rules of Civil Procedure, or an interlocutory order from which permission to appeal must have been obtained from us under R. C. P. 332.

Defendants' motion to dismiss alleges the September decree was a final judgment. Plaintiff admits this and that it was appealable as a matter of right. We are therefore justified in taking this fact as established. However, as above indicated and as we hope to make clear, it does not follow plaintiff could appeal from mere findings of fact in the decree or from the decree itself which was in its favor. Defendants, however, could have appealed from the decree adverse to it within 30 days from its entry (R. C. P. 335).

II. Many of our decisions support the conclusion stated just preceding Division I above. In Van Gorden v. Schuller, 192 Iowa 853, 857, 858, 185 N.W. 604, 606, plaintiff appealed from a correct decree containing a finding of fact adverse to him which he feared would have the effect of an adjudication against him in another action he desired to bring. We held any error in the court's reasoning was not prejudicial and was not the subject of review on appeal. The opinion states:

"The decree, properly speaking, includes only that part of the court's final pronouncement which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties so far as they relate to the subject-matter of the controversy. If the court goes further, and sets forth the reasons which have influenced its decision, such statement or opinion is not an essential part of the decree. The reasoning may be unsound; but if the conclusion is right * * * the error in reasoning is not prejudicial, and will not be the subject of review on appeal. As has been well said by the Maryland court, in a recent case:

" 'The reasons upon which the court acted, as expressed in its opinion, are one thing; the thing decreed is quite a different thing.' "

Van Gorden v. Schuller, supra, is followed in Van Alstine v. Hartnett, 210 Iowa 999, 1002, 231 N.W. 448, 449, where on appeal plaintiffs relied on a finding there should be a lien upon certain property superior to that of a chattel mortgage. Such provision, however, was not included in the decretal part of the decree. After quoting from Van Gorden v. Schuller, we held:

"It must follow that there is a distinction between the findings and opinion of the court and the decretal part of the decree, and also that, whatever may appear in the writing designated as 'the decree,' only those things are of force and effect which are in the provisions of the instrument which in fact is the decree. As applied to the facts before us, it must be held, therefore, that Paragraph 7 of the finding, purporting to create a lien superior to that of the holder of the chattel mortgage, has no force and effect, and is binding upon no one."

In In re Estate of Cohen, 216 Iowa 649, 653, 246 N.W. 780, 782, there was a finding in a decree foreclosing a mortgage that the maker's surviving widow signed the note in suit for his accommodation only but a personal judgment was nevertheless entered against her. On the strength of this finding the widow filed a claim against her husband's estate. We held the finding was insufficient proof the note was signed for accommodation only. The opinion says:

"It appears to be the law of this state that the court's finding

of facts in a decree, although followed in the same instrument by a final judgment and decree, is no part of the adjudication, and is not binding as such. [Citations]

"In Higley v. Kinsman, supra [Iowa, 216 N.W. 673, 676], the court said: 'It is a well-established rule that it is only the decretal portion of a decree that is binding and becomes res adjudicata. The recital of facts in a decree is usual and is proper, but the rights of the parties are adjudicated, not by the recital of facts, but solely by the decretal portion of the decree. It is this and this only that becomes the final judgment of the court, from which an appeal will lie.' "

State ex rel. Howson v. Consolidated School District of Elvira, 245 Iowa 1244, 1249, 65 N.W.2d 168, 171, is similar to In re Estate of Cohen, supra (which it cites, together with Van Gorden v. Schuller, supra), in holding that recitals in a decree are not verities nor competent proof of the fact thus recited and the determination thereof.

Creel v. Hammans, 232 Iowa 95, 99, 5 N.W.2d 169, 171, is similar to Van Gorden v. Schuller, supra, in that the appeal was taken to obtain a review of an alleged erroneous finding of fact not included in the decree proper. We dismissed the appeal on appellee's motion, citing the earlier precedents hereinbefore referred to.

A number of other Iowa cases hold a party who wins his case, as plaintiff did by the decree of September 1961, cannot appeal from a mere adverse finding since it is deemed not prejudicial to him. Lawrence v. Tschirgi, 244 Iowa 386, 389, 57 N.W.2d 46, 47, and citations; Wentland v. Stewart, 236 Iowa 258, 261, 18 N.W.2d 305, 306; Northwestern Mutual Life Ins. Co. v. Blohm, 212 Iowa 89, 95–98, 234 N.W. 268, and citations.

See also 30A Am. Jur., Judgments, section 380.

III. Although we have attempted to dispose of the principal arguments for and against the motion to dismiss, we have not indicated the ruling to be made thereon.

Plaintiff could no more appeal, following entry of the refund order, from findings of fact or conclusions of law in the decree of September 1961 than it could appeal from such findings or conclusions before the refund order was made. But the

appeal is from the refund order. As stated, defendants do not question plaintiff's right to appeal therefrom. It too must therefore be deemed a final adjudication for purposes of appeal. See Jackson v. Jackson, 248 Iowa 1365, 1368, 1369, 85 N.W.2d 590, 593, and citations.

■ "Therefore, there may be and often are * * * two final decrees in the same cause, the one settling the substantial merits of the case, and the other based upon further necessary proceedings, from each of which an appeal will lie." 4 C. J. S., Appeal and Error (1957), section 101, page 283.

■ Defendants' motion to dismiss part of the appeal proceeds from the theory plaintiff has attempted to appeal from findings and conclusions in the September decree. We do not understand this is the situation. The notice of appeal indicates plaintiff proposes, upon this appeal from the refund order, to challenge findings and conclusions in the earlier decree which the court adopted on the refund hearing and which affected the refund order. We think this may be done and defendants are not entitled to a dismissal of part of the appeal.

Inclusion in the notice of appeal of the language heretofore quoted referring to the earlier findings and conclusions was perhaps unnecessary and done from an abundance of caution. However, similar recitals are frequently found in notices of appeal. And it would be unwise to dismiss part of an appeal because of the inclusion of such language in the notice. It must be presumed we will consider only such contentions upon this appeal as the parties are entitled to urge.

Our conclusion finds support from the spirit if not the letter of part of rule 331(b), Rules of Civil Procedure: "On appeal from the final judgment, there may be assigned as error such interlocutory ruling or decision * * * from which no appeal has been taken, where such ruling [or] decision * * * is shown to have substantially affected the rights of the complaining party." (Since this appeal will be triable de novo, "propositions relied on," rather than "errors," should be stated in appellant's brief, R. C. P. 344(a)(3).

Our conclusion is also supported by Davis v. Mater, 248 Iowa 1, 5, 6, 79 N.W.2d 400, 402, 403; Jackson v. Jackson, supra,

248 Iowa 1365, 1369, 85 N.W.2d 590, 593. See also Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1124, 66 N.W.2d 111, 113.

The basic reason a litigant who wins his case may not appeal from an adverse finding is that it is not prejudicial to him. Shaw v. Addison, 236 Iowa 720, 733, 18 N.W.2d 796, 803. So, as we have pointed out, findings adverse to plaintiff in the September decree were not prejudicial to plaintiff as to that decree which was in its favor. But the refund order is not favorable to plaintiff. At least it so regards it and has appealed therefrom. And findings or conclusions adverse to plaintiff which were adopted in the refund hearing and which affect the order thereon may not be said to be without prejudice to plaintiff upon the review of such order.

IV. Two other contentions advanced in support of defendants' motion should be mentioned. One is that if the motion is not sustained it will be necessary to abstract the testimony on the trial preceding the September decree, and the transcript thereof consists of about 2800 pages. It is said this will delay submission and add to the expense of the appeal. And this is probably true. But the contention is not of controlling importance.

We are as anxious as anyone that matter not material to the appeal be omitted from the record. This is what rule 340(a), R. C. P., provides. We must depend upon the attorneys in the case and the trial court to observe the requirements of the rule. We cannot say now, as defendants would have us, that testimony which preceded the decree of September 1961 is not material to this appeal. Iowa-Illinois Gas & Elec. Co. v. City of Fort Dodge, 248 Iowa 1201, 85 N.W.2d 28, bears on this question, at least indirectly.

V. On February 8, 1962, before the refund hearing commenced, defendants filed application in the trial court to amend the findings and conclusions in the September decree and the decree itself so as to find and hold Ordinance R8376 was not confiscatory and the injunction against its enforcement should be dissolved. The application alleged that on December 21, 1961, the Federal Power Commission retroactively reduced

the cost of gas to plaintiff and that its supplier, Northern Natural Gas Company, made certain refunds to plaintiff which made the ordinance nonconfiscatory.

Plaintiff moved to strike the part of defendants' application just referred to on the grounds they filed no motion for new trial, took no appeal from the decree, it was therefore a finality and no jurisdiction existed to amend the findings of fact and conclusions of law. This motion was sustained.

Defendants' remaining argument in support of their motion here is that plaintiff's attempt to challenge in this appeal any findings or conclusions in the September decree is a change of position from that taken in its motion to strike filed in the trial court and "plaintiff is now estopped from appealing from said findings and conclusions."

The argument is without merit and is sufficiently disposed of by what is heretofore said. Plaintiff contended in its motion to strike that the September decree was a finality and could not be changed to find or hold Ordinance R8376 nonconfiscatory. The refund order was afterwards made which plaintiff claims is adverse to it. As stated, its appeal is from such order. It seeks on the appeal to challenge findings and conclusions in the September decree which it says were adopted in the refund hearing and affected the order thereon. As stated, we think this may be done. Its motion to strike in the trial court was not inconsistent with the position it now takes.

Of course we express no opinion as to the merits of the appeal. Our holding is that defendants' motion to dismiss it in part should be and is—Overruled.

All JUSTICES concur except OLIVER, J., who takes no part.