**KENT FEEDS, INC., a Corporation, Plaintiff,**

v.

**STANWOOD FEED & GRAIN CO., Inc., Defendant-Appellee, and Union Trust & Savings Bank, Defendant-Appellant.**

**No. 54366.**

Supreme Court of Iowa.

May 1, 1971.

**594**

Sebesta & Kuehnle, Mechanicsville, for appellant.

Norton & Freese, Lowden, for appellee.

LeGRAND, Justice.

This started as a simple mortgage foreclosure action in 1964, when Kent Feeds, Inc. sued Stanwood Feed & Grain Company, Inc. on its unpaid promissory note for $3000.00 and asked foreclosure of the mortgage given to secure payment of that note. Numerous other parties having some interest in the litigation or in the real estate involved were made defendants.

Now, almost seven years later, the case drones on to determine the right of Union Trust & Savings Bank, one of the original defendants, to a lien on the real estate covered by the foreclosed mortgage by virtue of two unpaid promissory notes allegedly secured by another mortgage and the related question of the bank's right to redeem from the special execution sale following the foreclosure decree of November 6, 1964.

The only remaining disputants are Clarence Cooperative Company, which has succeeded to the interest of Stanwood Feed & Grain Company, Inc. and Union Trust & Savings Bank. Their quarrel involves the priority of liens; or, more precisely, whether the bank has a lien on the premises entitling it to redeem from special execution sale under the provisions of chapter 628, The Code.

Although the record is replete with motions, orders, vacation of orders, and other proceedings over a period of some two

years, the one fact of overriding importance is that this issue was decided adversely to the bank after full hearing, following which the trial court made findings of fact on which it based the following ruling entered on March 15, 1966:

"It is the ruling of this court that the aforesaid promissory notes dated May 14, 1963 in the amount of $8290.26 and April 20, 1963 in the amount of $7817.00 do not constitute a lien by virtue of the mortgage recorded in Book 81, page 274, of the records of Cedar County, Iowa. Clerk is directed to disburse redemption funds now in his custody pursuant to law. * * *" No appeal was taken from this ruling.

Several months later the clerk of court requested instructions from the court as to what "according to law" as used in the earlier order meant and the court by order dated September 1, 1966, specified for the clerk the amounts to be paid to various lienholders from the redemption funds.

The bank took an appeal from the September 1 order by filing a notice of appeal which in pertinent part stated as follows:

" * * * The Union Trust & Savings Bank appeals to the Supreme Court of Iowa from the final judgment entered herein on September 1, 1966 and the court's findings of fact, conclusions of law and judgments and decrees and all other rulings and orders inhering therein and from each and every ruling adverse to the Union Trust & Savings Bank during the progress and hearing of said case, and any and all orders entered pursuant to any findings of fact, conclusions of law and judgments and decrees, * * *"

It is apparent from this notice—and the bank so claims in its brief and argument—that the entire litigation dating back to the foreclosure decree in 1964 is sought to be made subject to review under this appeal. The Cooperative disputes this, insisting that only the provisions of the September 1 order may be reviewed.

The Cooperative filed a motion to dismiss the appeal (except as to the provisions of the September 1 order) as not being timely. That matter was ordered submitted with the appeal itself. We discuss first the effect of the appeal from the order of September 1, 1966, assuming it to have been a final order from which an appeal will lie as a matter of right. Although this is perhaps arguable, the Cooperative does not challenge it and we therefore accept it as established for the purpose of our discussion here. See Iowa Public Service Co. v. Sioux City, 254 Iowa 22, 25, 116 N.W.2d 466, 469.

That does not mean, however, that *all* previous rulings, orders, decrees throughout the long history of the case may be resurrected for review by this court. It means simply that the bank may appeal only from those matters which became *final* by the order of September 1, 1966. Rule 335, Rules of Civil Procedure, 58 I.C.A., permits an appeal only within 30 days from the entry of the order, judgment or decree. We have frequently held this to be mandatory and jurisdictional. Ironically one of our most recent pronouncements to this effect was in Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc., Iowa 1968, 158 N.W.2d 1, the case in which the very two notes sought to be established here as liens were the subject of independent suit and recovery by the bank.

Our principal problem is to decide the extent of our jurisdiction under the notice of appeal from the order of September 1, 1966.

The controversy centers around the bank's right to redeem from the sheriff's special execution sale following the foreclosure decree of November 6, 1964. This in turn depends upon the validity of the lien it asserts by reason of a mortgage executed to secure the two notes already referred to. If that mortgage is not a lien, then the bank had no right to redeem under chapter 628, The Code. This very matter had been in dispute from early in

the litigation. When the foreclosure decree was entitled in 1964, the question was reserved for later determination. This subsequent determination was made against the bank after notice to the parties and after full evidentiary hearing under section 628.21, The Code. This was the effect of the order of March 15, 1966, already referred to. The reasons for that decision are unimportant to this appeal.

Prior to the conclusion of the hearing above referred to, the trial court made this statement to counsel:

"* * * There is in the clerk's office some $27,000.00 [paid by Clarence Cooperative Company to redeem] awaiting disbursal to the rightful parties. The court considers the sheriff's sale is valid. * * * The court is going to consider evidence heard this date, plus any additional evidence relative to the disbursal of these proceeds, and as to who are the rightful parties and what portion of the proceeds is the rightful portion of the respective parties. The court wants this very clear for the purpose of appeal in this trial—that the court considers very much in issue as to whether the two promissory notes payable to the Union Trust in the amount of $8290.26, dated May 14, 1963, and April 20, 1963 in the amount of $7817.00 are valid liens, or part of a mortgage that are valid liens and whether that mortgage alone would entitle Union Trust to redeem. This is the court's position at this stage of the proceedings. * * * The validity of the promissory notes is in issue as [is the question] whether they constitute a lien or * * * are part of a mortgage that constitutes a lien and whether they are payable out of the proceeds now in the clerk's office."

It is clear from this that the very issues determinative of the bank's right to redeem were before the trial court and were decided by the order of March 15, 1966. Although the bank vigorously objected to the trial court's view of the matter, no appeal was taken from the order which both re-

futed its claim to a lien and denied its right to redeem. What else was left to decide?

We hold the order of March 15, 1966, was a final one as to the bank's claims. It undeniably put it beyond the power of the trial court to thereafter place the parties in their original position. Johnson v. Iowa State Highway Commission, 257 Iowa 810, 812, 134 N.W.2d 916, 918; Williams v. Bourne, 248 Iowa 189, 194, 79 N.W.2d 751, 754.

This was a special proceeding under section 628.21, The Code, and we have held several times that a ruling following a hearing under that statute (and its predecessor, section 11792) is appealable. Guaranty Life Insurance Company, etc. v. Schmidt, 229 Iowa 794, 294 N.W. 893; Northwestern Mutual Insurance Company v. Hansen, 205 Iowa 789, 218 N.W. 502.

We have not overlooked our decision in Iowa Public Service Co. v. Sioux City, supra, 254 Iowa at page 28, 116 N.W.2d at page 469, but we find that case clearly distinguishable from this one. There a decree was entered holding a city rate ordinance was unconstitutional and enjoining its enforcement. The decree reserved jurisdiction of the parties and the subject matter "for such other proceedings as may be appropriate."

Later, after a hearing held on the city's application, the utility was ordered to refund certain amounts collected from gas users over a period of three years. No appeal was taken from the first decree, but one was taken from the refund order.

After recognizing there may be two final decrees in the same cause, we overruled the city's motion to dismiss that part of the appeal by which the utility attacked alleged errors in the first decree (the one holding the ordinance unconstitutional). The ground asserted was that any error there was waived by failure to appeal. It was argued an appeal from the *second* or-

der could not save objections to the first, from which no appeal was taken.

We said there, "The notice of appeal [from the refund order] * * * indicates plaintiff proposes * * * to challenge findings [holding the ordinance unconstitutional] *which the court adopted on the refund hearing and which affected the refund order."* (Emphasis supplied).

It is immediately apparent, as pointed out in the Sioux City case at pages 27–29, 116 N.W.2d 466, 469 that the utility could not have appealed from the first decree because it was in its favor. Only when certain findings in that decree were adopted and applied in the refund hearing was the utility prejudiced. Unless, then, it could appeal from *both* the refund order and the decree which was used to justify that order, appeal at all would be fruitless.

We have a far different factual situation before us. Here the order of March 15, 1966 (the one from which no appeal was taken) decided every important issue ·*against* the bank. After that ruling there was no way—barring appeal and reversal—the bank could establish its lien or redeem from the sheriff's sale. Furthermore in the Sioux City case the findings in the original decree were relied on to reach the conclusion that gas users should have a refund. Here, on the contrary, the order of September 1, 1966 (the one from which an appeal was taken) was only a direction to the clerk of court on how to carry out a determination already made.

We conclude the bank is limited to raise only those issues which became final by the entry of the order appealed from and may not now have a review of the issues settled after full hearing by the previous ruling of March 15, 1966.

We have carefully considered those propositions based on objections to the manner in which the order of September 1, 1966, directed disbursement of the redemption funds. These objections seek only to rehash the same arguments which were adjudicated by the trial court earlier. The bank seems unwilling to reconcile itself to the fact it lost that fight.

■ We should briefly mention one more matter. The bank filed a motion for a new trial two days after the March 15, 1966 order. No ruling was ever made on that motion nor was one requested in the intervening six months between the date of its filing and the time this appeal was taken. Furthermore the bank was permitted to withdraw the two controversial notes as exhibits in this suit to start separate action on them, resulting in judgment for the bank. See Union Trust & Savings Bank v. Stanwood Food & Grain Co., Iowa 1968, 158 N.W.2d 1. The bank also filed objections to the proposed disbursement of the redemption funds without making any complaint concerning the undisposed of motion. We believe the bank had abandoned its motion before filing notice of appeal, but in any event it certainly is not before us now. The bank has not argued—nor even mentioned—that matter in its brief and argument. Propositions not properly preserved, argued, or relied on are deemed waived. Nelson v. Leaders, 258 Iowa 919, 923, 140 N.W.2d 921, 924; Charles v. Epperson & Co., 258 Iowa 409, 413, 137 N.W.2d 605, 608; Wilson v. Iowa City, Iowa 1969, 165 N.W.2d 813, 816.

For the reasons heretofore set out we find no merit in the bank's propositions relating to the refund order of September 1, 1966, and hold we are without jurisdiction to review the objections sought to be raised to the prior final orders and decrees, from which no appeal was taken as provided by rule 335, R.C.P.

The order of September 1, 1966, is accordingly affirmed and the appeal as to all other matters is dismissed.

Affirmed.

All Justices concur except REYNOLDSON, J., who takes no part.