# IN THE COURT OF APPEALS OF IOWA

No. 16-1561
Filed September 13, 2017

**MICHAEL NAVARRO JONES,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L.

Stigler, Judge.

An applicant appeals the district court decision dismissing his petition for

postconviction relief on the ground it was untimely. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Michael Jones appeals the district court decision dismissing his petition for postconviction relief on the ground it was untimely. We find Jones did not preserve error on his claim the clerk of court exceeded the clerk's duties and find his application for postconviction relief is untimely. We find Jones is not entitled to relief on his pro se issues. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

Jones was convicted of robbery in the first degree and being a felon in possession of a firearm, as a habitual offender, in violation of Iowa Code sections 711.2, 724.26, and 902.8 (2007). His convictions were affirmed on appeal. *State v. Jones*, No. 08-1917, 2009 WL 4842500, at *3 (Iowa Ct. App. Dec. 17, 2009). Procedendo was issued on February 17, 2010.

Jones's first application for postconviction relief, claiming ineffective assistance of counsel, was denied. The district court's decision was affirmed on appeal. *See Jones v. State*, No. 11-1033, 2012 WL 3590334, at *7 (Iowa Ct. App. Aug. 22, 2012).

On February 11, 2013, Jones filed his second application for postconviction relief, PCCV120985. The State filed a motion to dismiss on the ground the issues raised in the second application had already been decided in the ruling on the first application for postconviction relief. After a hearing, the district court entered a decision on December 3, 2013, granting the motion to dismiss, stating the issues raised in the second application were barred by the doctrine of res judicata and the application was untimely under section 822.3. The order stated Jones participated in the hearing by telephone.

On January 8, 2016, Jones filed what he captioned as an amendment to his application for postconviction relief in PCCV120985. The county clerk's office crossed out PCCV120985, wrote in PCCV128894, and treated the matter as a new application for postconviction relief. The State filed a motion to dismiss, claiming Jones's third application for postconviction relief was time barred under section 822.3. Jones resisted the State's motion, stating he never received the court's ruling dismissing his second postconviction application.

A hearing on the motion to dismiss was held on August 29, 2016. Jones testified he did not participate in a hearing on his second postconviction application. He stated he was never notified of the hearing or the court's ruling. He testified if he had known of the dismissal he would have appealed. The district court entered a ruling that day, granting the motion. The court found Jones's testimony he did not participate in the hearing on the second postconviction application was not credible, and as a result , the court also found he was not credible in his statement he did not receive the dismissal of his second postconviction application. The court determined Jones did not timely appeal the order dismissing his second postconviction application. The court concluded the third postconviction application was untimely under the three-year statute of limitations found in section 822.3. Jones now appeals the decision of the district court.

## II.    Standard of Review

We review a district court's ruling finding an application for postconviction relief was untimely for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). We will affirm if the court's findings of fact are

supported by substantial evidence and the law was correctly applied. *Id.* at 520. On a claim of ineffective assistance of counsel, our review is de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

### III. Clerk of Court

Jones claims the clerk of court exceeded the clerk's duties by crossing out the number Jones put on his filing of January 8, 2016, and using a new case number. This issue was not presented to the district court and we conclude it has not been preserved for our review. *See State v. Jefferson*, 574 N.W.2d 268, 278 (Iowa 1997) (noting "issues must be presented to and passed upon by the district court before they can be raised and decided on appeal").

### IV. Untimely Application

Jones claims the district court erred by finding his application for postconviction relief, filed on January 8, 2016, was untimely. He states his second application for postconviction relief was timely and claims his attempted amendment to the second application should be considered timely. He states he was not aware the second postconviction application had been dismissed.

The record shows a hearing on the second postconviction application was held on November 22, 2013. An order filed that day states Jones participated by telephone, his attorney was present, and the court was taking the matter under advisement. The court entered an order on December 3, 2013, which again stated Jones had participated in the hearing by telephone. The court dismissed

the second postconviction application. We find the postconviction court did not err in its conclusion Jones was not credible in his claim he did not receive notice of the dismissal. Jones did not file a timely appeal of the order dismissing the second application. Because there was no appeal, "it was therefore a finality and no jurisdiction existed to amend the findings of fact and conclusions of law." *See Iowa Pub. Serv. Co. v. Sioux City*, 116 N.W.2d 466, 470 (Iowa 1962); *see also Weise v. Land O'Lakes Creameries, Inc.*, 191 N.W.2d 619, 622 (Iowa 1971) ("There is no appeal from this determination and it is therefore a finality.").

We additionally find the district court did not err in its conclusion the document Jones filed on January 8, 2016, was a third application for postconviction relief. There could be no amendment to the second postconviction application because it was no longer a pending case. *See Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002) ("Generally, a party may amend a pleading at any time before a decision is rendered, even after the close of the presentation of the evidence."). Here, a final decision had been rendered in the second postconviction action, and therefore, no amendments to the application could be made. The third application for postconviction relief was untimely because it was filed more than three years after procedendo was issued in Jones's direct appeal. *See* Iowa Code § 822.3.

### V. Pro Se Issues

**A.** Jones claims he was denied due process and equal protection due to the court's application of the postconviction statute. He states the court did not follow the proper process for the determination of his postconviction claims. Jones does not state what procedures should have been followed or explain how

his constitutional rights were violated. *See Schaefer v. Schaefer*, 795 N.W.2d 494, 502 n.2 (Iowa 2011) (citing Iowa R. App. P. 6.903(2)(g)(3)) (noting an issue had not been properly raised because the appellants did not argue whether or how they were prejudiced by the court's action). We therefore decline to consider this issue.

**B.** Jones also challenges the district court's finding he was not a credible witness. In postconviction actions, "we give weight to the lower court's findings concerning witness credibility." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). We find no error in the court's conclusion. The court's orders in the second postconviction proceedings show Jones was not credible in his claim he did not participate in the hearing, and this supports a finding he was not credible in his claim he never received notice the second postconviction application was dismissed.

**C.** Jones claims he received ineffective assistance from postconviction counsel because counsel did not (1) raise his due process and equal protection claims and (2) point out it was the State's burden to show his claim was untimely. Again, Jones does not make any arguments to support his constitutional claims and we find his statements are too general in nature to address. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). We also find the State met its burden to show Jones's third application for postconviction relief was untimely. We conclude Jones has not shown he received ineffective assistance from postconviction counsel.

We affirm the decision of the district court.

**AFFIRMED.**