Dennis **FORBES**, Appellee,

v.

John **HADENFELDT, Paul Steigleder, Ed Phelps, Ed Suriano, Mark Hutchinson, Greg Bopp, Jeff Turner, Gordon Miller, Tom McKinley, and Dave Fischer**, Appellees,

v.

**Rexam, Inc. and Specialty Risk Services, Lienholders,**
Appellants.

No. 01–1121.

Supreme Court of Iowa.

July 17, 2002.

Michael C. Walker of Hopkins & Huebner, P.C., Davenport, for appellants.

Thomas J. Currie and Mark E. Liabo of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellee Dennis Forbes.

CARTER, Justice.

Rexam, Inc. (Rexam), the employer of Dennis Forbes, appeals from the district court's order invalidating the workers' compensation lien that Rexam sought to perfect on Forbes' cause of action against several coworkers for injuries he sustained in his employment. The district court ruled that the provisions of Iowa Code section 85.22(1) (2001), allowing an employer to be indemnified out of a recovery of damages from a third party and granting the employer a lien on the claim for such recovery, did not apply in third-party actions against coemployees. After reviewing the record and considering the arguments presented, we disagree with the district court's interpretation. We reverse the district court's order and remand the case with directions to reinstate the employer's lien on the claim for damages in the action against the coemployees.

Forbes was injured when a flammable solvent ignited while he was working in an enclosed area. He was severely burned over seventy percent of his body. He received substantial workers' compensation benefits from Rexam and its workers' compensation insurance carrier. He filed an action seeking recovery for his injuries from several coworkers on the theory that their gross negligence was the cause of his being burned. Rexam and its workers' compensation insurance carrier filed a lien against the potential recovery in that action as provided in Iowa Code section 85.22(1). In response to Forbes' motion, the district court invalidated the lien. That ruling is the subject of this appeal.

## I. *The Jurisdictional Issue.*

Forbes urges that Rexam's appeal is improperly taken because the ruling being appealed is not a final judgment. We disagree. The perfection of an employer's lien on the potential recovery in a third-party tort action by parties who have received workers' compensation benefits for their injuries is a collateral proceeding that does not relate to the issues between the parties to the tort action.

We believe that the statutory procedure for lienors redeeming from judgments pursuant to Iowa Code section 628.21 is analogous to the section 85.22(1) lien procedure in that it is also entirely collateral to the issues in the primary action. We have held that orders fully resolving lienor status under section 628.21 are final orders for purposes of appeal. *Kent Feeds, Inc. v. Stanwood Feed & Grain Co.*, 186 N.W.2d 593, 596 (Iowa 1971). We are convinced that the result should be the same here. The order of the district court fully resolved the issues in the lien proceeding prior to the time the appeal was taken. We are therefore reviewing a final judgment.

## II. *The Validity of Rexam's Lien Under Iowa Code Section 85.22(1).*

Prior to 1974, section 85.22 read as follows:

When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against *some person other than the employer* to pay damages, the employee ... may also maintain an action against such third party for damages.

Iowa Code § 85.22 (1973) (emphasis added). As a result of an amendment enacted

by 1974 Iowa Acts chapter 1111, section 2, this statute now reads:

> When an employee receives an injury ... for which compensation is payable under this chapter ... and which injury ... is caused under circumstances creating a legal liability against *some person, other than the employee's employer or any employee of such employer as provided in section 85.20* to pay damages, the employee ... may also maintain an action against such third party for damages....
>
> . 1. If compensation is paid the employee ... the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed ... and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable....

Iowa Code § 85.22 (2001) (emphasis added).

The 1974 amendment to section 85.22 coincided with a change in the law that granted coemployees the same exclusive-remedy defense that exists for an employer provided, however, that such defense does not prevent recovery for injuries caused by a coemployee's gross negligence. *See* 1974 Iowa Acts ch. 1111, § 1. That amendment is reflected in the current version of Iowa Code section 85.20, which provides:

> The rights and remedies provided in this chapter ... for an employee ... on account of injury ... shall be the exclusive and only rights and remedies of the employee ... on account of such injury ... against any of the following:
>
> 1. Against the employee's employer.

> 2. Against any other employee of such employer, provided that such injury ... arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect of the safety of another.

The sole issue on this appeal involves the meaning to be given the words "other than the employee's employer or any employee of such employer as provided in section 85.20." Forbes urges that this language serves to exclude actions against any coemployee from the indemnification and lien provisions of section 85.22(1). Rexam urges that this language is only intended to exclude those coemployees who enjoy the immunity that section 85.20(2) now provides. The words "any employee of such employer as provided in section 85.20" do not, Rexam urges, implicate claims based on gross negligence for which the coemployees do not enjoy the exclusive-remedy defense provided in section 85.20.

 We interpret statutes in light of their evident legislative intent, harmonizing them, if possible, with related statutes. *Comm'n on Unauthorized Practice of Law v. A–1 Assocs.*, 623 N.W.2d 803, 807 (Iowa 2001); *Doe v. Ray*, 251 N.W.2d 496, 500–01 (Iowa 1977). Plain language or plain meaning of a statutory provision is not limited to the meaning of individual terms, but rather, such inquiry requires examining the text of the statute as a whole by considering its context, object, and policy. *Voss v. Iowa Dep't of Transp.*, 621 N.W.2d 208, 211 (Iowa 2001).

 We are convinced that the employer has the better argument on the meaning of section 85.22. Some indication of the purpose of 1974 Iowa Acts chapter 1111 is found in the title to the bill, which reads: "AN ACT to provide that the right

to workmen's compensation shall be the exclusive remedy to an employee against his employer or fellow employee on account of injury or occupational disease." We conclude that, consistent with the language of that title, the legislature did two things. First, subject to the gross-negligence exception, it rewrote section 85.20 so as to bestow on coemployees the same exclusive-remedy defense as is enjoyed by the employer. Second, it expanded the "other than" clause in the first unnumbered paragraph of section 85.22 to include not only the employer but also those coemployees who, like the employer, had now been exempted from suit by a claimant who had received benefits under the act. If it had been the intention of the legislature to exclude all coemployees from being subject to tort actions based on work-related injuries, it would not have been necessary to qualify the words "employee of such employer" with the words "as provided in section 85.20."

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for an order reinstating the lien that Rexam and its workers' compensation insurance carrier filed pursuant to section 85.22(1).

**REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., who takes no part.