Mabel DUNCALF and Harold R. Parr
and Irene T. Parr, Appellants,

v.

RITSCHER FARMS, INC., Dean Werner, Clerk of Union Township, Benton
County, Iowa, Steven Van Deusen,
Gary Kelly, and Kevin J. Nolan, Township Trustees of Union Township,
Benton County, Iowa, Acting as Fence
Viewers, Appellees.

No. 99–1186.

Supreme Court of Iowa.

May 31, 2001.

Robert B. Fischer of Fischer Law Firm, L.L.P., Vinton, for appellants.

David C. Thompson, County Attorney, for appellees.

Wythe Willey of Wythe Willey Law Office, Cedar Rapids, for amicus curiae Iowa Cattlemen's Association.

NEUMAN, Justice.

This is an action at law to review the decision of fence viewers under Iowa Code chapter 359A (1997).[1] The district court, applying rules pertinent to the fencing-in of livestock under Iowa Code chapter 169C (Supp.1997), upheld the fence viewers' decision to place the entire burden for maintaining partition fences on the parties owning livestock.

We are convinced that the court, like the fence viewers before it, misapplied the law. We therefore reverse and remand for a reapportionment of the parties' fencing obligations in accordance with chapter 359A.

## I. Background Facts and Proceedings.

This is a dispute between neighbors over the repair, maintenance and upkeep of partition fences. The farm owned by plaintiffs Harold and Irene Parr adjoins the western boundary of property owned by defendant, Ritscher Farms, Inc. The property owned by plaintiff Mabel Duncalf shares Ritscher Farms' south boundary. The fences in controversy are located along these two property lines. Both plaintiffs raise livestock on their properties. Ritscher Farms keeps no livestock at present.

Plaintiffs each had oral agreements with Ritscher Farms' predecessor, the Meyer family. Those agreements were never reduced to writing or recorded. No new agreements were executed when members of the Ritscher family purchased the farm from the Meyers in the 1960s. Although family members occasionally made necessary fence repairs, no one had done so for some time preceding this litigation.

Under the old oral agreements, the Meyers maintained the north half of the fence between Meyers' property and the Parrs', and the east half of the fence between Meyers' property and Duncalf's. Both of these sections of fence cross Prairie Creek, which has historically been subject to frequent flooding. This requires extensive repair to those portions of the fence.

In November 1997, the plaintiffs made a formal written demand upon Ritscher Farms to repair the portions of the partition fences formerly maintained by Meyers. Ritscher Farms made no reply. So the plaintiffs applied to the Union Township Trustees, as fence viewers, for a determination regarding fence maintenance in accordance with Iowa Code section 359A.1. That statute states:

> The respective owners of adjoining tracts of land shall upon written request of either owner be compelled to erect and maintain partition fences, or contribute thereto, and keep the same in good repair throughout the year.

Iowa Code § 359A.1.

The fence viewers made the necessary inspection. Their subsequent order assigned Duncalf and Parrs complete responsibility for maintenance of the parti-

---

[1]. Unless otherwise indicated, all statutory references are to the 1997 Code of Iowa.

tion fences until such time, if any, as Ritscher Farms keeps livestock on its property. In accordance with Iowa Code section 359A.23, Duncalf and Parrs appealed to the district court.

The district court upheld the fence viewers' decision. First, it agreed that Ritscher Farms was not bound by any oral and unrecorded agreements that may have existed between the plaintiffs and Ritscher Farms' predecessor. Second, the court affirmed the fence viewers' application of Iowa Code section 169C.4 (Supp.1997) to the controversy. That section imposes liability on livestock owners for damages caused by trespassing livestock unless the livestock trespassed through fencing that was not maintained by the injured landowner in accordance with obligations imposed under chapter 359A. Iowa Code § 169C.4(1)(a) (Supp.1997). Given Duncalf and Parrs' statutory duty to fence in their livestock, the court reasoned, the fence viewers correctly relieved Ritscher Farms of any obligation under chapter 359A.

This appeal by plaintiffs followed.

## II. Scope of Review.

■ Our review on appeal from the district court's decision in a fence-viewing case is for the correction of errors at law. *Gravert v. Nebergall,* 539 N.W.2d 184, 186 (Iowa 1995). In a law action such as this, we are bound by the court's well-supported factual findings but not by its legal conclusions. *Falczynski v. Amoco Oil Co.,* 533 N.W.2d 226, 230 (Iowa 1995).

## III. Issues on Appeal.

■ *A. Implied contract.* Plaintiffs concede that no oral or written agreement exists that would bind Ritscher Farms to the fence maintenance agreement enjoyed by the plaintiffs with Ritscher's predecessor, the Meyer family, prior to the 1960s. They assert on appeal, however, that the record supports a finding of implied contract based on Wayne Ritscher's repair of the disputed fences through the early 1990s. Neither the fence viewers nor the district court, however, made such a finding. Their decisions rested solely on the lack of any actual or recorded notice of an agreement that would bind a successor in interest. *See* Iowa Code § 359A.13 (partition fence agreements between land owners binding on heirs and grantees when recorded).

Plaintiffs filed no motion under Iowa Rule of Civil Procedure 179(b) to have the court expand its findings to address the implied contract issue. Thus the matter has not been preserved for our review and we give it no further consideration. *See Ritz v. Wapello County Bd. of Supervisors,* 595 N.W.2d 786, 789 (Iowa 1999) (rule 179(b) crucial to preservation of error where unsuccessful litigant intends to challenge district court ruling on issues court did not resolve).

*B. Statutory interpretation.* The fighting issue is whether the law permits the court to burden the plaintiffs with all of the fence maintenance. Plainly the fence viewers believed this was the fairest result. The regular flooding of Prairie Creek creates much trouble and expense for the party assigned upkeep of those portions of the fence. And the plaintiffs had evidently not been "good neighbors" insofar as maintaining the portions of the fence line they regarded as their responsibility. But the decisive question for the fence viewers was "Who owns livestock?" It is here, we think, that they strayed from precedent and the district court erred in affirming them.

■ This court held in *Gravert v. Nebergall* that chapter 359A applies equally to all adjoining landowners without regard to the use of the land. 539 N.W.2d at 188. Our decision rested on the fundamental belief that, in the long run, shared responsibility for partition fences minimizes conflict among neighbors. *Id.* The fencing statute does not merely benefit livestock owners. *Id.* It serves the broader public good by mediating boundary, fence and trespass disputes. *Id.*

■ The district court evidently believed that the legislature's subsequent enactment of Iowa Code chapter 169C (Supp. 1997) scuttled the mutual obligations recognized in *Gravert.* We disagree with that conclusion. Chapter 169C merely imposes liability on livestock owners for damages caused by their trespassing livestock. In doing so, the statute effectively rewrites the Iowa common law "fence-out" theory of livestock management. *See Gravert,* 539 N.W.2d at 186–87 (comparing Iowa common law with English common law). By imposing on landowners the duty to fence in their livestock or face liability, however, the legislature did not ignore independent obligations arising from agreements or orders under chapter 359A. By its terms, chapter 169C expressly relieves livestock owners from liability for trespassing animals if the animals trespass through fences not maintained as required by chapter 359A. Iowa Code § 169C.4(1)(a) (Supp.1997).

■ Because chapter 169C deals with liability for trespassing livestock, not responsibility for maintaining partition fences, the district court erred in applying it to relieve Ritscher Farms from its fencing obligation here. Under the plain language of section 359A.1, the duty to main-

tain partition fences must be shared by adjoining landowners once such relief is demanded. *Accord* 1970 Op. Iowa Att'y Gen. 649, 651 (1970). Whether one of the landowners keeps livestock is not the decisive factor. *Gravert,* 539 N.W.2d at 188.

■ Our law has long recognized the duty of fence viewers to apportion the shared costs of partition fences so as to equalize the burden. *Talbot v. Blacklege,* 22 Iowa 572, 575 (1867). In this case, for example, that may mean adjusting the shared expense to reflect the particular difficulty of fencing across Prairie Creek. *See In re Swisher,* 204 Iowa 1072, 1073, 216 N.W. 673, 673 (1927); *In re Estate of Wallis,* 276 Ill.App.3d 1053, 213 Ill.Dec. 507, 659 N.E.2d 423, 429 (1995). That factual determination must be made in the first instance, however, by the fence viewers, subject to review on legal error by the district court. *See* Iowa Code § 359A.23 (right of appeal).

Because the district court, in affirming the fence viewers, incorrectly applied the law, we reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All justices concur except LARSON, J., who takes no part.