# IN THE COURT OF APPEALS OF IOWA

No. 16-1109
Filed October 25, 2017

**MATTHEW JAY HOPKINS,**
Plaintiff-Appellant,

**vs.**

**JOHN ROBERT DICKEY,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,
Judge.

Matthew Hopkins appeals a district court ruling requiring him to
reconstruct and maintain a portion of a partition fence. **AFFIRMED.**

Matthew Jay Hopkins, Cedar Rapids, pro se.

Karl T. Olson of Parker & McNeill, P.L.L.C., West Des Moines, for
appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Matthew Hopkins appeals a district court ruling following a trial to the court requiring him to reconstruct and maintain a portion of a partition fence. He contends the district court erred in (1) disallowing evidence of a prior oral agreement concerning the fence, (2) requiring only him (and not his neighbor) to reconstruct and maintain his respective portion of the fence according to certain requirements, and (3) ordering him to build the fence in a manner that is not in compliance with Iowa Code section 359A.18 (2012).

## I. Background

This case involves a dispute between adjoining land owners regarding a 600-foot partition fence located between the subject properties. In 1989, Hopkins purchased a parcel of land that adjoined land owned by Robert Dunham. In 2003, John Dickey purchased the parcel owned by Dunham. From that point forward, relying on the "right-hand rule," Dickey maintained the west 300 feet of the fence between his and Hopkins's properties. In 2010, following several instances of cattle located on Dickey's property escaping through the east half of the fence, Dickey verbally advised Hopkins he needed to repair that portion of the fence. Hopkins declined to do so, stating "that's not what the law requires" and he already had "too many projects." In April 2011, Dickey repeated his demand in writing, but Hopkins declined to repair the fence.[1] In late April, local township trustees[2] viewed the fence with Dickey and advised him he was only responsible for the west half of the fence under the right-hand rule. Thereafter,

---

[1] Hopkins conceded at trial, however, that "[t]he fence is owned in common."
[2] Township trustees act as fence viewers. Iowa Code § 359.17(1).

Dickey completely rebuilt the west-half of the fence. The new fence consisted of six wires, the lowest being twelve or thirteen inches from the ground and the remaining five being eight inches apart.

In October 2011, Dickey served Hopkins with a "notice to adjoining landowner" which advised the fence dispute would be turned over to the township trustees if Hopkins's portion of the fence was not repaired or replaced within thirty days. Hopkins took no action and, in February 2012, Dickey filed a complaint with the township trustees. The trustees conducted a fence viewing in March 2012. At this point in time, the west 300 feet of the fence was "in very good shape," as Dickey had recently rebuilt it. The east 300 feet, in contrast, "was in very poor condition" and could not maintain livestock. The trustees issued a notice of findings the same day, concluding, pursuant to the right-hand rule,[3] Dickey was responsible for the west half of the fence and Hopkins was responsible for the east half. The trustees ordered Hopkins to "erect and maintain the East 300 feet of the partition fence" and that such be a "lawful fence" having "five barb wires attached to posts not more than 10 feet apart."

Hopkins appealed the trustees' decision to the district court. *See* Iowa Code § 359A.23. A non-jury trial was held in March 2016. In a thorough ruling, the district court concluded Hopkins was legally obligated to maintain a portion of

---

[3] In fence-viewing situations, the township trustees traditionally follow the right-hand rule, which means that if two adjoining property owners were to face each other at the center of the fence along their shared boundary line, each would be responsible for the half of the fence to his or her right. *See Belork v. Latimer*, 54 N.E.3d 388, 391 (Ind. Ct. App. 2016); *Schnakenberg v. Schroeder*, 367 N.W.2d 692, 693 (Neb. 1985); David S. Steward, Note, *Iowa Agricultural Fence Law: Good Fences Make Good Neighbors*, 43 Drake L. Rev. 709, 713 (1995). Applying the right-hand rule to the subject partition fence would obligate Dickey to maintain the west 300 feet of the fence and Hopkins the east 300 feet.

the fence and, based on the evidence presented, the application of the right-hand rule was both "a customary practice" and "fair and equitable" in the premises. The court ordered Hopkins to replace the east half of the fence "with a five-stranded barbed wire fence consistent with the historic fence which has been utilized by the parties and their predecessors," said barbed wire being in compliance with Iowa Code section 359.18(3) and placed on posts no more than twelve feet apart. As noted, Hopkins appeals.

## II.     Standard of Review

Most evidentiary rulings are reviewed for an abuse of discretion. *McElroy v. State*, 637 N.W.2d 488, 493 (Iowa 2001). Hearsay rulings are reviewed for legal error. *Id.* "[W]e review an appeal from the district court's decision in a fence-viewing case for correction of errors at law." *Longfellow v. Sayler*, 737 N.W.2d 148, 153 (Iowa 2007). "[W]e are bound by the district court's well-supported factual findings, but not by its legal conclusions." *Id.*

## III.     Analysis

Hopkins first argues the district court erred in disallowing evidence of a prior oral agreement concerning the fence that he had made with Dickey's predecessor in interest. The gist of this alleged oral agreement was that Dickey's predecessor in interest orally agreed that Hopkins had no obligation to maintain the fence. The district court ruled any evidence concerning this agreement was inadmissible because it was (1) hearsay not permitted by an exception, (2) not recorded as required by Iowa Code section 359A.13, and (3) in violation of the statute of frauds.

Hearsay is inadmissible except as provided by the Iowa Constitution, a statute, the rules of evidence, or a supreme court rule. Iowa R. Evid. 5.802. Hearsay is any out-of-court "statement" made by the "declarant" that is offered "into evidence to prove the truth of the matter asserted in the statement." *Id.* r. 5.801(c). The term "statement" means a person's oral or written assertion, or "[n]onverbal conduct, if intended as an assertion." *Id.* r. 5.801(a). The term "declarant" means "the person who made the statement." *Id.* r. 5.801(b). The prior landowner's alleged oral promise that Hopkins would not be responsible for the fence was clearly hearsay, as Hopkins was offering the statement to prove the truth of the matter asserted in the statement—that he was not responsible for maintaining the fence. Because Hopkins does not argue on appeal that any exceptions to the hearsay rule apply, we affirm the exclusion of this evidence. Furthermore, in order to be binding on Dickey any such agreement would have had to be in writing and recorded, and it was neither. *See* Iowa Code § 359A.13. The alleged oral agreement was therefore inadmissible as irrelevant. *See* Iowa Rs. Evid. 5.401, .402.

Hopkins next contends the district court erred in requiring only him, but not Dickey, to reconstruct and maintain his respective portion of the fence according to certain requirements. He asserts case law dictates that (1) "the law is to be applied equally to both owners" and (2) "the decision regarding a partition fence is to be made so as to equalize the partition fence burden" among the parties. We agree with both propositions but find neither beneficial to Hopkins's argument. *See Duncalf v. Ritscher Farms, Inc.*, 627 N.W.2d 906, 909 (Iowa 2001) ("Our law has long recognized the duty of fence viewers to apportion the

shared costs of partition fences so as to equalize the burden."); *Gravert v. Nebergall*, 539 N.W.2d 184, 188 (Iowa 1995) ("Iowa Code chapter 359A applies equally to all adjoining landowners . . . ."). At the time of trial, Dickey had recently rebuilt half of the partition fence. It is undisputed that the portion of the fence built by Dickey was "in good repair" at the time of the fence viewing. *See* Iowa Code § 359A.1A. The decisions by the fence viewers and district court to require Hopkins to reconstruct the portion of the fence that fell into disrepair, at a time when Dickey had already rebuilt half of the fence, amounted to an equalization of the burdens associated with the partition fence and we affirm the district court's decision on this issue.

Hopkins finally argues the district court erred in ordering him to build the fence in a manner that he argues is not in compliance with Iowa Code section 359A.18. He complains that because the specifications ordered by the district court do not strictly align with section 359A.18, the fence would not be a "lawful fence," essentially complaining the order requires more of him than required of section 359A.18

It is helpful to examine that section in context. Owners of adjoining tracts of land may "be compelled to erect and maintain partition fences" and keep them in good repair. Iowa Code § 359A.1A. When there is a controversy, the fence viewers have the power to determine the liability of any landowner "for the erection, maintenance, rebuilding, . . . or repairing of a partition fence." *Id.* § 359A.3. Section 359A.18 describes what a "lawful fence" shall consist of, and section 359A.20 describes what a "tight fence" shall consist of. Hopkins apparently reads section 359A.18 as both specifying and limiting the authority of

fence viewers and the district court on appeal. The term "legal fence" as defined in the statute is not a prescription, however, for how every partition fence must be constructed or what fence viewers must require, but sets forth a minimum standard for a "legal fence." Other provisions of chapter 359A, together with Iowa Code chapter 169C—Iowa's current statute concerning liabilities for trespassing or stray livestock—when read together show corresponding responsibilities and liabilities of landowners and livestock owners.

In this case, the fence viewers and the court determined Hopkins was responsible for a portion of existing fence that was in such disrepair it did not constitute a "legal fence." The district court ordered Hopkins to construct a new fence in keeping with the style and character of the existing fence and in keeping with the fence constructed by Dickey and approved by the fence viewers. Under these circumstances, we find no legal error.

**AFFIRMED.**